THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. WILLIAM HERNANDEZ, Defendant-Appellant.

First District (2nd Division)   No. 1—96—0580

Opinion filed July 14, 1998.

Michael J. Pelletier, of State Appellate Defender's Office, of Chicago, and Edward F. Kelly, of Wenona, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Linda Woloshin, and Clare Wesolik Connolly, Assistant State's Attorneys, of counsel), for the People.

JUSTICE RAKOWSKI delivered the opinion of the court:

Defendant was convicted of murder and two counts of attempted murder. He was sentenced to a 40-year term for the murder conviction to run consecutive to two 30-year terms for the attempted murder convictions. In a prior, separate proceeding, codefendant Antonio Silva pled guilty to murder and two counts of attempted murder. After being convicted, defendant appealed. Based on *Batson* error, we remanded to the circuit court for a *Batson* hearing and consideration of the other issues defendant had raised on appeal. *People v. Hernandez*, 220 Ill. App. 3d 715 (1990). On remand, the circuit court concluded that the State provided racially neutral reasons for its peremptory challenges. Defendant appealed, and in a summary order, we affirmed the trial court's decision. Defendant then appealed the remaining issues not addressed in the first appeal. We affirmed defendant's murder conviction and reversed his attempted murder convictions, finding error in instructing the jury. *People v. Hernandez*, 267 Ill. App. 3d 429 (1994). Defendant then filed a petition under the Post-Conviction Hearing Act (725 ILCS 5/122—2 *et seq.* (West 1996)), a supplemental postconviction petition, a motion for a new trial under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1996)), and a supplemental motion for new trial. The State's motion to dismiss was granted and defendant's motion to reconsider denied. Defendant

appeals, contending that the trial court erred in dismissing his petition without an evidentiary hearing. Defendant raises numerous bases for error in the trial court's dismissal of his petition, including: newly discovered evidence; the State's calling of a witness knowing that the witness would invoke his fifth amendment privilege; error in failing to suppress defendant's confession; and ineffective assistance of trial counsel.

Because we conclude that defendant was entitled to an evidentiary hearing on the validity of recanted testimony, we remand.

## FACTS

Defendant was charged with killing a member of a rival gang (Latin Kings) and wounding two other members of that gang allegedly in retaliation for the shooting of a member of his gang (Two-Two Boys). Frank Herrera, defendant's fellow gang member, testified on behalf of the State. He stated that while at the hospital when their friend got shot, defendant told him that he wanted to get some guns and "to pull a hit." Herrera, defendant, and other gang members left the hospital and drove around. While driving around, Herrera stated that defendant repeated the above statements. Herrera further testified that defendant told another gang member that he wanted to pull the hit because "[his] boy got shot." Herrera then testified that the group stopped near the scene of the crime and defendant got out of the car. When he returned approximately 20 minutes later, Herrera testified that defendant made a hand gesture indicating a gun and told Herrera that "I got one but I don't know about the others."

Approximately eight years after defendant's trial, Herrera came forward, contending that he lied at defendant's trial. He initially told a friend of his, a law student, and then repeated the story to a licensed attorney. After discussing the matter with counsel, Herrera decided to do nothing. However, because Herrera was still bothered by the fact he had lied, he approached defendant's trial counsel, Public Defender Shelton Green.

Herrera now states that he was with defendant at all times on the date of the incident and that defendant could not have committed the crime. His affidavit further states that police abuse caused him to testify falsely at defendant's trial. According to his affidavit, he was 15 years old at the time. When he was first interviewed by the police, he told them the truth. He was then struck in the face and told to come up with a better story. After two days in custody without benefit of counsel, he states he fabricated the story he provided to the police, at the grand jury hearing, and at defendant's trial. In a supplemental affidavit, Herrera states that he gave the false statement to the police

because he thought he was going to be charged with murder himself. He is now getting his life together and in this process, in April or May of 1992, he talked with Matthew Jasniewski, Herrera's then-supervisor and a law student, and told him about the false testimony. Jasniewski suggested that Herrera see a licensed attorney, which Herrera did. He advised the attorney of the false testimony and believed that the attorney said that he had nothing to gain because his life was now in order. Based on this, Herrera states he chose to do nothing at the time. However, in 1995, the fact that he had given false testimony still bothered him so he contacted Public Defender Green. At this time, affidavits were prepared and postconviction proceedings begun.

## STANDARD OF REVIEW

■ ■ "The general rules regarding post-conviction proceedings are familiar. The Post-Conviction Hearing Act provides a remedy for defendants who have suffered a substantial violation of their constitutional rights at trial. [Citation.] A post-conviction proceeding is not an appeal of the underlying conviction; rather, it is a collateral attack on the trial court proceedings in which a defendant attempts to establish constitutional violations that have not been and could not have been previously adjudicated. [Citation]. The defendant bears the burden of establishing that a substantial violation of his constitutional rights occurred. [Citation.]" *People v. Henderson*, 171 Ill. 2d 124, 131 (1996).

A postconviction proceeding involves three stages. First, the trial court may summarily dismiss the defendant's petition if it ascertains that the petition is frivolous or patently without merit. If the trial court does not summarily dismiss the petition, it may then appoint counsel to represent the indigent defendant. At this stage, counsel will have an opportunity to amend the petition should he or she deem the petition insufficient. The State may also, at this stage, file a motion to dismiss. If the State does not file a motion to dismiss or the trial court denies such a motion, the court then may conduct an evidentiary hearing on the merits of the petition. *People v. Hernandez*, 283 Ill. App. 3d 312, 316 (1996). To warrant an evidentiary hearing, defendant's petition must make a substantial showing of a constitutional violation. *People v. Manikowski*, 288 Ill. App. 3d 157, 163 (1997). "A petition's showing is tested on the assumption that the facts asserted are true. Where the matter asserted establishes a constitutional violation, a hearing must be conducted to determine the actual facts." *Manikowski*, 288 Ill. App. 3d at 163. "[D]efendant is not entitled to an evidentiary hearing on his postconviction petition as a matter of right. [Citation.] Instead, the factual allegations contained in the petition, supported where necessary by the trial record and affidavits, must

first show that a substantial constitutional violation occurred before a defendant will receive such a hearing. [Citation.]" *Henderson*, 171 Ill. 2d at 140. The trial court's decision to deny an evidentiary hearing is a matter of discretion and will not be reversed absent abuse of discretion. *People v. Whitehead*, 169 Ill. 2d 355, 371 (1996).

## ANALYSIS

### RESOLUTION OF CREDIBILITY WITHOUT AN EVIDENTIARY HEARING

■ Where a postconviction petition presents a question of fact, an evidentiary hearing should be held. *People v. Reed*, 84 Ill. App. 3d 1030, 1040 (1980). When questions of perjury and the credibility of a witness' posttrial recantation are raised, the trial court is justified in dismissing without an evidentiary hearing when he or she was the judge who presided over defendant's trial. *Reed*, 84 Ill. App. 3d at 1041; *People v. De Mario*, 112 Ill. App. 2d 420 (1969). This is so because the trial judge heard the trial testimony and could resolve the questions of fact concerning the reliability of the alleged perjury and recantation by considering the witness' credibility, the trial record, and defendant's affidavits in support of his petition. Generally, however, when the judge who hears the postconviction petition is different from the judge who presided at defendant's trial, an evidentiary hearing on the credibility and reliability of the recantation should be had because the postconviction judge did not see or hear the witnesses testify at defendant's trial. *People v. Hilliard*, 65 Ill. App. 3d 642, 645 (1978). Nonetheless, an evidentiary hearing is not always necessarily required when the postconviction judge is different from the trial judge but, rather, whether a hearing is required is based on the particular facts of each case.

■ In the instant case, the postconviction judge was different from defendant's trial judge. The postconviction judge found that Herrera's affidavit recanting his trial testimony was not reliable. We agree with the court in *Hilliard* that "on the record before us, we do not understand how the question of the credibility of [Herrera's] recantation could be resolved by a judge who never heard [Herrera] testify." *Hilliard*, 65 Ill. App. 3d at 646. The postconviction judge did not hear Herrera testify at defendant's trial. He was not able to judge the witness' credibility at that time. He did not observe the other witnesses. It is not plausible that the postconviction court could assess Herrera's credibility based on a cold reading of the trial transcript and affidavits.

Based on the affidavits present in the record, we find that the trial court was required to conduct an evidentiary hearing on the validity of the recanted testimony. Without an evidentiary hearing where the

judge is able to observe Herrera and where the respective attorneys are able to delve into the details and circumstances of Herrera's prior testimony and recantation, a credibility determination cannot reasonably be made. "The bottom line, then, is that the [postconviction] petition should not have been dismissed without a determination of the truth or falsity of [Herrera's] affidavit[s]. The circuit court judge was in no position to make this determination without an evidentiary hearing. An adversary proceeding is necessary in order to determine whether [Herrera's] trial testimony was true." *Hilliard*, 65 Ill. App. 3d at 648.

In reaching this result, we are mindful of the particular facts stated in Herrera's affidavits. He moved out of the neighborhood and went to college. While attending college, he held a full-time job as assistant manager of a retail store. Prior to that, he worked for 3½ years as a plainclothes security person. He stated he has had no contact with defendant since the trial. It should also be noted that two attorneys have filed affidavits in support of Herrera's affidavit. They each detail their conversations with Herrera concerning his false testimony and both state that they believe him to be an honest and sincere person. Although we may not substitute our judgment for that of the trial court on questions involving credibility, we nonetheless believe that the particular facts of this case warrant an evidentiary hearing.

Based on the foregoing, we reverse the trial court's dismissal of the postconviction petition and remand for an evidentiary hearing on the issue of Herrera's recantation. If the trial court concludes that Herrera's trial testimony was false, a more expansive evidentiary hearing may be necessary to fully resolve defendant's claims.

## CONCLUSION

For the foregoing reasons, we remand to the circuit court of Cook County to conduct an evidentiary hearing in accordance with this decision.

Reversed and remanded.

McNULTY, P.J., and COUSINS, J., concur.