SIXTH DIVISION

October 31, 2003

No. 1-01-2565

THE PEOPLE OF THE STATE OF ) Appeal from the

ILLINOIS, ) Circuit Court of

) Cook County.

Plaintiff-Appellee, ) 

)

) No. 88 CR 3831

)

KENNETH BROUGHTON, ) Honorable

) Joseph G. Kazmierski, Jr.,

Defendant-Appellant. ) Judge Presiding.

JUSTICE SMITH delivered the opinion of the court:

Defendant Kenneth Broughton appeals from a Cook County circuit court order dismissing his postconviction petition without an evidentiary hearing.  Defendant contends that an accomplice's affidavit constitutes newly discovered evidence of defendant's innocence; trial counsel failed to present the testimony of an available witness; and postconviction counsel failed to comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)).  We affirm the judgment of the circuit court.

BACKGROUND

Defendant and seven other men were charged with the August 1987 fatal beating of truck driver Julio Palomo at an intersection on the south side of Chicago.  According to evidence presented at trial, defendant, his nephew Willie Broughton, and accomplice Lavatis Wilson were part of a group of men who positioned themselves on various street corners at an intersection
 and burglarized the trailers of trucks that stopped there.  Wilson testified for the State that the victim exited his truck to prevent two accomplices from breaking into a coworker's trailer, but the two accomplices chased and cornered the victim.  According to Wilson, defendant crossed the street and knocked the victim to the ground and then went to the coworker's trailer.  Wilson testified that while several accomplices fatally beat the victim, defendant and another accomplice removed cargo from the trailer.  The offenders then scattered when the police arrived.  The coworker and another eyewitness identified defendant as one of the offenders.

Following the joint jury trial with codefendant Gregory Johnson, defendant was convicted of murder and burglary.  Defendant waived his right to be sentenced by a jury, and the trial court sentenced him to natural life imprisonment for the murder offense only.  On direct appeal, defendant asserted that he was improperly convicted under the burglary statute and that his sentence was excessive.  This court affirmed the trial court's judgment.  
People v. Johnson
, Nos. 1-88-3422, 1-89-0750 cons. (1991) (unpublished order under Supreme Court Rule 23).  Defendant petitioned for leave to appeal our decision, but was denied by the Illinois Supreme Court on February 5, 1992.  
People v. Johnson
, 144 Ill. 2d 639 (1992).

In September 1992, defendant timely filed a 
pro
 
se
 postconviction petition, alleging ineffective assistance of (1) trial counsel for not allowing defendant to testify and (2) appellate counsel for not raising that issue on appeal.  Defendant also included a motion to extend the time to file his petition, alleging that his petition was untimely but that his inability to file was due to the imposition of a prison lockdown.

Counsel was appointed to represent defendant and, in 1996, supplemented the petition to allege ineffective assistance of trial counsel for failure to adequately investigate, interview and present the testimony of known witnesses Linda and Ernest Dent to impeach the State's witnesses.  No affidavits supported the petition, and the State subsequently filed a motion to dismiss.

In 2000, defendant's counsel filed an addendum to the petition to attach Willie Broughton's and Linda Dent's affidavits.  In his affidavit, Willie Broughton stated that prior to the offense, State witness Lavatis Wilson and an accomplice shot defendant and almost killed him.  Moreover, Willie Broughton stated that he was present when the victim was beaten and defendant never hit, kicked, stomped or slammed the victim to the ground.  Further, Willie Broughton asserted that he told the police and his attorney that defendant was not involved in the victim's beating.

In her affidavit, Linda Dent stated that on the date of the offense, she and her brother Ernest Dent were at the scene talking to defendant, their cousin, in a restaurant parking lot.  While they were talking, two men tried to enter the back of a truck that was in motion, and defendant yelled to one of those men to get off the truck.  Ernest and Linda Dent left the scene, and defendant remained and talked to a man sitting outside the restaurant.

Further, in the addendum to defendant's petition, counsel asked for leave to file Ernest Dent's affidavit, explaining that she had interviewed him but had difficulty securing his affidavit because he resided in Arkansas and did not have a telephone.  Counsel also attached defendant's brief on direct appeal to support his claim of ineffective counsel.  In addition, counsel added the claim that, pursuant to 
Apprendi v. New Jersey
, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), defendant's sentence of natural life imprisonment violated his due process rights and jury trial guarantees.

On the State's motion, the trial court dismissed defendant's petition without commenting on its timeliness or merits.  Defendant appeals the dismissal, contending that his petition made a substantial showing that 
Willie Broughton's testimony constituted newly discovered evidence
 of defendant's innocence and that trial counsel was ineffective for failure to present Linda Dent's testimony.  Defendant also contends that postconviction counsel did not file a certificate in compliance with Supreme Court Rule 651(c) and that the record fails to affirmatively show that she complied with the requirements of that rule.

ANALYSIS

Dismissal of a postconviction petition is appropriate only when the petition's allegations of fact, liberally construed in favor of the petitioner and in light of the original trial record, fail to make a substantial showing of a violation of a constitutional right.  
People v. Coleman
, 183 Ill. 2d 366, 381-82 (1998).  An action for postconviction relief is a collateral proceeding, not an appeal from the earlier judgment.  
People v. McNeal
, 194 Ill. 2d 135, 140 (2000).  Considerations of 
res
 
judicata
 and waiver limit the scope of postconviction relief "to constitutional matters which have not been, and could not have been, previously adjudicated."  
People v. Winsett
, 153 Ill. 2d 335, 346 (1992).

We review the dismissal of a postconviction petition without an evidentiary hearing 
de
 
novo
.  
Coleman
, 183 Ill. 2d at 388-89.  Although defendant is not entitled to a postconviction evidentiary hearing as a matter of right, a hearing is required if defendant makes a substantial showing of a violation of a constitutional right.  
Coleman
, 183 Ill. 2d at 382.  Fact-finding and credibility determinations are to be made at the evidentiary hearing and not at the dismissal stage of the proceedings.  
Coleman
, 183 Ill. 2d at 385.  However, the allegations in defendant's petition must be supported by the record or accompanying affidavits, and nonspecific and nonfactual assertions are insufficient to require an evidentiary hearing.  
Coleman
, 183 Ill. 2d at 381.  The circuit court may properly dismiss a postconviction petition where the allegations contained therein are contradicted by the record from the original trial proceedings.  
Coleman
, 183 Ill. 2d at 381-82.

New Evidence

Defendant contends that new evidence discovered 
after his trial
 
supports his claim of innocence.  Specifically, defendant's nephew Willie Broughton, who was also convicted of the victim's murder, provided an affidavit stating that defendant did not participate in beating the victim.  Willie Broughton also stated that, before the offense, State witness Lavatis Wilson and an accomplice "shot *** and almost killed [defendant]."

The State argues that postconviction counsel failed to amend defendant's 
pro
 
se
 petition to clearly articulate this claim of newly discovered evidence and, thus, waived it on appeal.  However, noting that principles of fundamental fairness require relaxation of strict adherence to the waiver rule, we find that counsel sufficiently raised this claim in Willie Broughton's affidavit and at the motion-to-dismiss hearing.  To warrant a new trial, new evidence must be so conclusive that it will probably change the result upon retrial, material and not merely cumulative, discovered since the trial, and of such character that it could not have been discovered prior to trial by the exercise of due diligence.  
People v. Patterson
, 192 Ill. 2d 93, 124 (2000).

Defendant argues that this evidence could not have been discovered prior to trial by the exercise of due diligence because Willie Broughton could not have been compelled to waive his fifth amendment privilege concerning the murder charge.  Defendant also argues that the affidavit would likely change the outcome of the trial because it exculpated him and discredited Wilson's testimony by revealing his bias against defendant based on the shooting incident.

Applying the aforementioned standard, Willie Broughton's affidavit is insufficient 
because, taken as true, his statement that defendant did not hit, kick, stomp or slam the victim to the ground does not exculpate defendant, who was convicted based on a theory of accountability.
  
Specifically, the evidence established that defendant was accountable for the murder offense where he planned and participated in the truck burglaries that led to the victim's fatal beating.  Willie Broughton simply concludes that defendant is not responsible for the murder without providing any facts regarding where defendant was at the time of the offense or his involvement in the planning and execution of the burglaries.

Willie Broughton's affidavit actually corroborates the testimony of State witnesses Lavatis Wilson and William Callahan concerning defendant's role in the offense.  Specifically, 
Wilson's and Callahan's 
testimony established that after defendant knocked the victim to the ground and two accomplices began to beat the victim, defendant went to Callahan's truck.  Then, while defendant taunted Callahan to get out of his truck and try to help the victim, Willie Broughton and several other accomplices ran to the scene and joined the beating of the victim.  Rather than exonerate defendant, Willie Broughton's affidavit merely indicates that by the time he joined the assault, he did not see defendant beat the victim.

Furthermore, Willie Broughton's statement that Lavatis Wilson was involved in an altercation with defendant before the offense does not constitute new evidence.  Defendant's trial counsel was aware of this information and, during cross-examination, asked Wilson about the January 1987 argument involving his mother and defendant.  The State objected, and defendant's trial counsel made an offer of proof during a sidebar
 that Wilson and accomplice Andre Shelby confronted defendant and that Shelby shot defendant.  The trial court questioned counsel's attempt to impeach Wilson by establishing his bias through Shelby's conduct but allowed counsel to proceed.  Counsel, however, chose not to pursue the matter and instead attacked Wilson's credibility by cross-examining him about his plea bargain with the State.  
The record establishes that the 1987 shooting incident was discovered before trial, was not of such a conclusive character that it would probably change the result upon retrial, and was merely cumulative where trial counsel attacked Wilson's credibility through his plea bargain.

Ineffective Assistance of Trial Counsel

Next, defendant contends that trial counsel was ineffective for failure to call Linda Dent, whom counsel knew could add exculpatory testimony.

To establish a claim for ineffective assistance of counsel, defendant must show (1) that counsel's representation fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  
Strickland v. Washington
, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984); 
People v. Morgan
, 187 Ill. 2d 500, 529-30 (1999).  
A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Morgan
, 187 Ill. 2d at 530.  If defendant cannot demonstrate that he suffered prejudice, then a court need not address whether counsel's performance was deficient.  
Morgan
, 187 Ill. 2d at 530.  Although counsel's decision regarding whether to present a particular witness is generally a matter of trial strategy (
People v. Flores
, 128 Ill. 2d 66, 85-86 (1989)), counsel may be deemed ineffective for failure to present exculpatory evidence of which he is aware, including the failure to call witnesses whose testimony would support an otherwise uncorroborated defense (
People v. Tate
, 305 Ill. App. 3d 607, 612 (1999)).

The record refutes defendant's claim that his cousin Linda Dent would have presented exculpatory evidence.  Linda Dent's testimony is irrelevant because, according to her affidavit, she and her brother Ernest left the scene before the victim was chased and beaten by the offenders.  Trial counsel disclosed in discovery that Linda and Ernest Dent were potential witnesses but did not present their testimony at the jury trial and later called Linda Dent to testify at defendant's death penalty sentencing hearing.

Trial counsel's decision not to call Linda Dent as a jury trial witness was sound strategy because her testimony would have corroborated Lavatis Wilson's testimony
.  Specifically, Linda Dent clearly places defendant at the scene just before the assault on a street corner across from where the victim was beaten.  Moreover, Linda Dent's affidavit indicates that defendant may have tried to warn one of his accomplices to get off the moving truck.  The strategy of defendant's trial counsel was to draw the jury's attention to weaknesses in the State's evidence identifying defendant as one of the offenders.  Accordingly, defense counsel thoroughly cross-examined the State's witnesses regarding the confusion at the scene due to darkness and the quick and sudden assault by multiple offenders who descended on the victim from various directions.
  Rather than exculpate defendant, Linda Dent's affidavit actually harms him by corroborating the testimony of State witnesses concerning defendant's role and position at the scene.

The cases defendant cited 
to support his argument that he was entitled to an evidentiary hearing on his claim of ineffective assistance of counsel are readily distinguishable.  For example, in 
People v. Cabrera
, 326 Ill. App. 3d 555, 565 (2001), the court determined that the record did not contain sufficient facts from which to conclude that trial counsel's decision not to call two potentially exculpatory witnesses was a matter of trial strategy.  Here, the record establishes that Linda Dent's testimony was not exculpatory but, rather, was compatible with the testimony of State witnesses and thereby potentially damaging to the defense's misidentification strategy.

Defendant's case is also distinguishable from 
People v. Hernandez
, 298 Ill. App. 3d 36, 40 (1998),
 where the court ruled that the reliability of the witness's affidavit, which recanted 
his trial testimony against the defendant and provided him with an alibi, 
could not be decided on the postconviction pleadings and required an evidentiary hearing.  Whereas the issue in 
Hernandez
 involved the credibility of the exculpatory testimony in the affidavit, here, Linda Dent's affidavit
--even assuming that her statements are true--is not exculpatory and does not supply defendant with any alibi.

Reasonable Assistance of Postconviction Counsel

Defendant next argues that he was denied reasonable assistance of postconviction counsel,
 alleging that the record fails to affirmatively show that counsel complied with the requirements of Supreme Court Rule 651(c).  134 Ill. 2d R. 651(c).  The record establishes and the parties agree that defendant's postconviction counsel did not file a certificate of compliance with Rule 651(c).

The right to counsel in postconviction proceedings is statutory, and the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-4 (West 1998)) requires counsel to provide a reasonable level of assistance to petitioners in postconviction proceedings.  
People v. Turner
, 187 Ill. 2d 406, 410 (1999).  
To that end, Supreme Court Rule 651(c) requires that the postconviction proceedings record 
contain a showing, which may be made by the certificate of petitioner's counsel, that counsel "has consulted with petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed 
pro
 
se
 that are necessary for an adequate presentation of petitioner's contentions."  134 Ill. 2d R. 651(c).

Defendant argues that he was denied reasonable assistance because, other than a telephone call, the record does not indicate that counsel "made any other efforts to contact Ernest Dent, such as by corresponding with him, to secure his affidavit."  To the contrary, the transcript of the motion to dismiss hearing 
established that counsel apprised the trial court over the time she was involved in this case of her efforts to obtain Ernest Dent's affidavit.  According to the record, this matter was continued several times since counsel filed the addendum asking for leave to file Ernest Dent's affidavit.  Furthermore, when counsel explained the absence of Ernest Dent's affidavit, she made an offer of proof that her telephone conversation with him established that he would provide an account of the event similar to his sister Linda's account.  As discussed above, because Linda's affidavit was not exculpatory, then Ernest's similar testimony would add nothing to support defendant's postconviction petition.
  Although Rule 651(c) requires counsel to consult with defendant either by mail or in person, counsel is not required to correspond with defendant's unavailable relatives to pursue redundant, nonexculpatory evidence.

Next, defendant argues the record fails to affirmatively show that counsel examined the trial record where her argument at the postconviction proceeding referred to defendant's sentencing hearing and merely summarized Linda Dent's and Willie Broughton's affidavits without reference to any trial testimony those affidavits allegedly impeached.

Defendant's original petition, however, did not allege any constitutional violations based on trial counsel's failure to investigate and present the testimony of witnesses such as Linda Dent or Willie Broughton.
  "Rule 651(c) requires post-conviction counsel only to examine 'as much of the transcript of proceedings as is necessary to adequately present and support those constitutional claims raised by the petitioner.'"  
Turner
, 187 Ill. 2d at 411-12, quoting 
People v. Davis
, 156 Ill. 2d 149, 164 (1993).  Postconviction counsel added the claims concerning Willie Broughton and Linda Dent to defendant's original petition.  Nevertheless, postconviction counsel's decision not to specifically compare the affidavits to the jury trial testimony simply indicates the relative lack of merit of those affidavits, which--as discussed above--failed to impeach the trial testimony or exculpate defendant.

Defendant next argues that he was denied reasonable assistance when counsel failed to correct the 
pro
 
se
 petition to reflect that it was timely filed.  Specifically, defendant erroneously stated in his September 1992 
pro
 
se
 petition that it was untimely, because the correct due date was November 4, 1992.
(footnote: 1)  Defendant contends that counsel's omission could have resulted in the circuit court erroneously dismissing the postconviction petition as time-barred
.

The record, however, does not support defendant's speculation that his petition was dismissed as untimely.  When the circuit court, prior to adjourning the hearing on the State's motion to dismiss, asked the parties to confirm the relevant dates concerning the timeliness of defendant's September 1992 petition
, the State responded 
that the petition's due date was May 1993.  The circuit court then stated, "All right.  So it was actually before–-."

Rule 651(c) requires the record to demonstrate that postconviction counsel made any amendments to the 
pro
 
se
 petition that were necessary for an adequate presentation of defendant's contentions.  Moreover, our supreme court has held that counsel's failure to make a routine amendment to a postconviction petition that would overcome a procedural bar constitutes unreasonable assistance in violation of Rule 651(c).  
Turner
, 187 Ill. 2d at 412-13 (if postconviction counsel had amended the petition to allege ineffective assistance of appellate counsel for failure to raise petitioner's claims on direct appeal, those claims would not have been barred by waiver).

Here, although postconviction counsel did not amend the petition to indicate that it was timely, her omission neither prevented the circuit court from considering the merits of defendant's claims nor directly contributed to the dismissal of the petition without an evidentiary hearing.  The Act allows a defendant to file a petition outside the limitations period if the late filing was not due to his culpable negligence.  Postconviction counsel overcame her omission by arguing at the motion to dismiss hearing that dismissal of defendant's petition as time-barred was improper where defendant's affidavit established that his filing was delayed due to a prison lockdown.  See 
Turner
, 187 Ill. 2d at 413 (counsel could have overcome the failure to make necessary amendments to the petition by raising the additional elements of petitioner's claims at the motion to dismiss hearing).

We believe that defendant received the reasonable level of assistance of counsel required by the Act.  Defendant does not dispute that postconviction counsel discussed the case with him and twice amended the petition to add arguments not raised in the 
pro
 
se
 petition.  Moreover, counsel supported the allegations in the petition with affidavits and presented coherent argument at the hearing on the State's motion to dismiss.

Accordingly, we affirm the judgment of the trial court.

Affirmed.

TULLY and GALLAGHER, JJ., concur.

FOOTNOTES
1:
Defendant's petition was timely filed according to the provisions of the Act in effect in 1992.  Defendant was sentenced on October 11, 1988, and his petition for leave to appeal was denied on February 5, 1992.  The due date to file a petition for 
certiorari
 with the United States Supreme Court was May 4, 1992, which was 90 days after the denial of the petition for leave to appeal.  Thus, defendant's postconviction petition was due six months later on November 4, 1992.  Ill. Rev. Stat. 1991, ch. 38, par. 122-1.