NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190852-U

NO. 4-19-0852

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 14, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| JEROME P. JOHNSON, | ) | No. 07CF654 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Derek J. Girton, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Steigmann and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court erred by dismissing defendant's postconviction petition.

¶ 2    On remand from this court, defendant, Jerome P. Johnson, filed a *pro se* motion to recharacterize his pending petition brought under section 2-1401 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401 (West 2012)) as a petition under the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq*. (West 2016)).  In July 2017, the Vermilion County circuit court denied defendant's motion to recharacterize.  Defendant appealed the denial of his motion to recharacterize.  On July 19, 2019, this court dismissed that appeal for lack of jurisdiction because the denial of a motion to recharacterize is not a final, appealable order.  *People v. Johnson*, 2019 IL App (4th) 170635-U, ¶ 19.  In our decision, we noted defendant could still file an initial postconviction petition.  *Johnson*, 2019 IL App (4th) 170635-U, ¶ 19.

¶ 3        On October 15, 2019, defendant filed *pro se* a petition for relief under the Postconviction Act.  One week later, the circuit court dismissed defendant's petition finding it lacked jurisdiction to address the petition because the issues were currently on appeal.

¶ 4        Defendant appeals, asserting the circuit court erred by dismissing his postconviction petition without considering its merits.  We reverse and remand with directions.

¶ 5                                    I. BACKGROUND

¶ 6        In March 2008, after a bench trial, the circuit court found defendant guilty of one count of aggravated criminal sexual abuse (720 ILCS 5/12-16(b) (West 2006)), one count of criminal sexual assault (720 ILCS 5/12-13 (a)(3) (West 2006)), and two counts of indecent solicitation of a child (720 ILCS 5/11-6(a) (West 2006)) for his actions from February through August 2007.  At a May 2008 sentencing hearing, the court merged the aggravated criminal sexual abuse conviction into defendant's conviction for criminal sexual assault and sentenced defendant to consecutive prison terms of 30 years for criminal sexual assault and 5 years each for his two indecent solicitation of a child convictions.  In June 2008, defendant filed a motion to reconsider his sentence, which the court denied.

¶ 7        Defendant appealed and argued the circuit court erred by imposing an excessive sentence.  We affirmed defendant's sentence but remanded the cause for an amended sentencing judgment to show defendant's indecent solicitation of a child convictions as Class 3 rather than Class 2 felonies.  *People v. Johnson*, 387 Ill. App. 3d 1196, 981 N.E.2d 544 (2009) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 8        On March 18, 2013, defendant filed a section 2-1401 petition.  In his petition, defendant asserted (1) his sentence was void because the information did not state he would be subject to Class X sentencing, (2) ineffective assistance of counsel based on counsel's failure to

- 2 -

raise the Class X sentencing issue, (3) ineffective assistance of counsel based on counsel's failure to inform him his sentences would be served consecutively, and (4) the informations in his case were fatally defective. In June 2014, the circuit court entered an order, giving the State 14 days to file a responsive pleading or a special and limited appearance contesting jurisdiction. In July 2014, the State filed a special and limited response to defendant's section 2-1401 petition contesting jurisdiction or, in the alternative, a motion to dismiss. The circuit court entered an order giving defendant 14 days to respond to the State's response. Three days later, defendant filed a motion for default and entry of a final judgment by default. On July 15, 2014, the court entered an order dismissing defendant's section 2-1401 petition because, *inter alia*, the State was never properly served and the petition was untimely.

¶ 9 Defendant appealed the circuit court's dismissal. On August 11, 2016, this court found defendant was denied a meaningful opportunity to respond to the State's motion and thus, his due process rights were violated. *People v. Johnson*, 2016 IL App (4th) 140710-U, ¶ 22. Accordingly, we reversed the circuit court's judgment and remanded the cause for further proceedings. *Johnson*, 2016 IL App (4th) 140710-U, ¶ 24.

¶ 10 On remand, the circuit court entered an October 18, 2016, docket entry granting defendant 14 days to file a reply to the State's motion to dismiss. On November 29, 2016, defendant filed a motion to recharacterize his section 2-1401 petition as a petition under the Postconviction Act. In a May 2017 docket entry, the circuit court explained it was considering defendant's November 2016 motion to recharacterize as a concession to the State's motion to dismiss the section 2-1401 petition. The court then dismissed defendant's March 2013 section 2-1401 petition. Thereafter, the court gave the State 30 days to file a responsive pleading to defendant's motion to recharacterize. The next month, the State filed a special and limited

response, arguing, *inter alia*, (1) lack of jurisdiction because it still had not been properly served the section 2-1401 petition, (2) defendant's motion to recharacterize was untimely filed, (3) defendant failed to attach supporting evidence to his section 2-1401 petition as required by section 122-2 of the Postconviction Act (725 ILCS 5/122-2 (West 2016)), and (4) defendant's claims are barred because they could have been raised on direct appeal.

¶ 11 On July 20, 2017, the circuit court entered a docket order denying defendant's motion to recharacterize. Four days later, defendant filed a reply to the State's limited appearance. On August 8, 2017, the court noted it had reviewed defendant's reply and stated the reply did not change the court's July 20, 2017, order. As previously stated, defendant appealed, and this court dismissed the appeal. *Johnson*, 2019 IL App (4th) 170635-U, ¶ 19.

¶ 12 On October 15, 2019, defendant filed *pro se* a petition for relief under the Postconviction Act, asserting he was denied his right to effective assistance of counsel. One week later, the circuit court dismissed defendant's petition finding it lacked jurisdiction to address the petition because the issues were currently on appeal.

¶ 13 Pursuant to Illinois Supreme Court Rule 373 (eff. July 1, 2017), defendant timely filed on November 20, 2019 a *pro se* notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. July 1, 2017). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the procedure for appeals in postconviction proceedings is in accordance with the rules governing criminal appeals).

¶ 14 II. ANALYSIS

¶ 15 Defendant argues the circuit court erred by dismissing his postconviction petition without considering its merits. The State does not contest defendant's argument but argues this court lacks jurisdiction to address defendant's argument.

¶ 16                                    A. Jurisdiction

¶ 17          Our supreme court has emphasized a reviewing court's duty to ascertain its

jurisdiction before considering the appeal's merits.  See *People v. Lewis*, 234 Ill. 2d 32, 36-37,

912 N.E.2d 1220, 1223 (2009); *People v. Smith*, 228 Ill. 2d 95, 106, 885 N.E.2d 1053, 1059

(2008).  Thus, the State's questioning of our jurisdiction raises a threshold issue.  See *Lewis*, 234

Ill. 2d at 37, 912 N.E.2d at 1223.

¶ 18          Citing *People v. Vari*, 2016 IL App (3d) 140278, ¶¶ 8-9, 48 N.E.3d 265, the State

argues the circuit court's dismissal was not a final appealable order.  However, the defendant in

*Vari* was appealing the circuit court's dismissal of his section 2-1401 petition (735 ILCS 5/2-

1401 (West 2014)), and thus the reviewing court cited primarily civil case law.  *Vari*, 2016 IL

App (3d) 140278, ¶¶ 8-19.  The *Vari* court found whether a dismissal without prejudice was

appealable turned on the question of whether the defendant was prejudiced by the dismissal.

*Vari*, 2016 IL App (3d) 140278, ¶ 12.  There, the defendant was in no way prejudiced by the

circuit court's dismissal, and thus the dismissal was not considered a final, appealable order.

*Vari*, 2016 IL App (3d) 140278, ¶ 19.  As such, the reviewing court was without jurisdiction to

address the defendant's appeal.  *Vari*, 2016 IL App (3d) 140278, ¶ 19.

¶ 19          Unlike in *Vari*, this case involves the dismissal of a petition under the

Postconviction Act.  Section 122-2.1 of the Postconviction Act (725 ILCS 5/122-2.1 (West

2018)) requires a circuit court to examine the postconviction petition within 90 days of the

petition's filing and docketing and enter an order thereon pursuant to that section.  Section 122-

2.1 provides for only two possible orders the circuit court can enter at the first stage of the

postconviction proceedings when the defendant was sentenced to a term of imprisonment.  725

ILCS 5/122-2.1 (West 2018).  If the circuit court determines the defendant's petition is frivolous

or is patently without merit, the court must dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. 725 ILCS 5/122-2.1(a)(2) (West 2018). "Such order of dismissal is a final judgment ***." 725 ILCS 5/122-2.1(a)(2) (West 2018). If the circuit court does not dismiss the petition under section 122-2.1(a)(2), the court must order the petition to be docketed for further consideration in accordance with sections 122-4 through 122-6 of the Postconviction Act (725 ILCS 5/122-4 to 122-6 (West 2018)). 725 ILCS 5/122-2.1(b) (West 2018).

¶ 20       Here, the circuit court dismissed defendant's petition. The Postconviction Act expressly provides a dismissal is a final judgment. 725 ILCS 5/122-2.1(a)(2) (West 2018). This court has implicitly found section 122-2.1(a)(2) applies even when the circuit court dismissed the petition without making the frivolous or patently without merit determination. See *People v. Carter*, 383 Ill. App. 3d 795, 798, 892 N.E.2d 1082, 1085 (2008) (circuit court dismissed petition because it erroneously believed the petition was a successive postconviction petition). Thus, we find the circuit court's October 2019 dismissal of defendant's postconviction petition was a final judgment. Since defendant filed a proper notice of appeal from the circuit court's October 2019 dismissal, we have jurisdiction of defendant's appeal. Ill. S. Ct. R. 651(a) (eff. July 1, 2017).

¶ 21                              B. Merits

¶ 22       Here, the circuit court dismissed defendant's October 2019 postconviction petition because it believed defendant had a pending appeal in this court on the same issues. However, as the State concedes, the appeal had been resolved several months before defendant filed his postconviction petition.

¶ 23       As previously explained, when a defendant's postconviction petition is not a successive postconviction petition, the circuit court may dismiss it under section 122-2.1(a)(2) of

the Postconviction Act (725 ILCS 5/122-2.1(a)(2) (West 2018)) only if the court determines it is frivolous or patently without merit. While the circuit court dismissed the petition in this case, it did not make such a determination. Thus, we agree with the parties the circuit court's basis for dismissing defendant's postconviction petition was improper.

¶ 24 When a similar situation arose in *Carter*, 383 Ill. App. 3d at 798, 892 N.E.2d at 1085, this court rejected the State's contention we should examine the record ourselves to determine whether the defendant's postconviction petition was frivolous or patently without merit. We noted the Postconviction Act provides for a circuit court "initially to (1) make that determination and, if it does not so decide, (2) then proceed to the second stage of postconviction proceedings." *Carter*, 383 Ill. App. 3d at 798, 892 N.E.2d at 1085. Accordingly, we reversed the circuit court's dismissal of the defendant's postconviction petition and remanded the cause for stage-two proceedings in accordance with our decision. *Carter*, 383 Ill. App. 3d at 798, 892 N.E.2d at 1085.

¶ 25 Following *Carter*, we reverse the circuit court's dismissal of defendant's October 2019 postconviction petition and remand the cause to the circuit court for stage-two proceedings consistent with this order. Our decision does not constitute any statement by this court regarding the merits of defendant's petition.

¶ 26                                III. CONCLUSION

¶ 27 For the reasons stated, we reverse the Vermilion County circuit court's dismissal of defendant's postconviction petition and remand the cause for further proceedings consistent with this order.

¶ 28 Reversed; caused remanded with directions.