2024 IL App (1st) 220980-U

SECOND DIVISION
March 26, 2024

No. 1-22-0980

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

|  |  |  |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Respondent-Appellee, | ) | Circuit Court of |
|  | ) | Cook County |
|  | ) |  |
| v. | ) | Nos. 12 CR 21662 |
|  | ) | 13 CR 42266 |
|  | ) |  |
| JOSEPH SANDERS, | ) | Honorable |
| Petitioner-Appellant. | ) | Joanne Rosado |
|  | ) | Judge Presiding |

_____

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Howse and Justice McBride concurred in the judgment.

**ORDER**

¶ 1    *Held*: Vacated and remanded. Court applied standard for successive postconviction petition, though petition was initial one warranting more lenient standard. Remanded for first-stage proceedings.

¶ 2    Petitioner Joseph Sanders is serving an aggregate 39-year sentence for two separate killings. A jury found him guilty of second-degree murder in one case, for which he received a sentence of 14 years. He later pleaded guilty to first-degree murder in another case, and after the State dismissed several sentencing enhancements, the trial court sentenced him to an additional, consecutive sentence of 25 years. Petitioner was 19 years old when he committed both crimes.

¶ 3    In 2022, he filed a postconviction petition titled "Motion for Leave to file successive petition for post-conviction relief." The petition sought a new sentencing hearing, trying to leverage constitutional developments in juvenile and emerging-adult sentencing law. The trial court denied petitioner leave to appeal.

¶ 4    That petition, however, was mislabeled. It was not a successive petition. It was, in fact, petitioner's first collateral attack on his convictions—an initial postconviction petition. On appeal, petitioner claims the trial court erred in holding the petition to the more exacting standard of a successive postconviction petition, rather than the more lenient standard applied to initial postconviction petitions.

¶ 5    Sympathetic as we are to the trial court, which was reviewing a pleading purporting to be a successive postconviction petition, the law favors petitioner's position. Petitioner is entitled to a review of the initial postconviction petition under the more liberal standards applicable to initial postconviction petitions. We thus vacate the court's judgment and remand for first-stage proceedings applicable to initial postconviction petitions.

¶ 6                                   BACKGROUND

¶ 7    We will be brief with the underlying facts, as they are of little relevance to this appeal. In case number 12-CR-21662, the State charged petitioner with first-degree murder for the killing of Taylor Diorio, alleging that petitioner shot and killed Diorio on or about August 18, 2012. Petitioner was 19 years old at the time of the shooting.

¶ 8    Petitioner claimed self-defense at trial. The jury found petitioner guilty of second-degree murder, finding that petitioner acted unreasonably in the belief that he needed to defend himself. The court sentenced petitioner to 14 years in prison with day-for-day good-conduct credit.

¶ 9       In case number 13-CR-4266, the State charged petitioner with first-degree murder in the death of Joshua Cepeda. The murder allegedly occurred on April 21, 2012, and the State alleged that petitioner intentionally or knowingly killed Cepeda while armed with a firearm. The case was continued until after the jury trial in the Diorio case was finished.

¶ 10      In July 2017, petitioner pleaded guilty to first-degree murder. In exchange for the guilty plea, the State amended the indictment to drop the firearm enhancement and recommended a 25-year sentence, to be served consecutively to the 14-year sentence in the Diorio case. The trial court imposed that sentence.

¶ 11      Petitioner filed a notice of appeal for his conviction in the 12-CR-21662 case, but appellate counsel filed a motion to withdraw, concluding that there were no meritorious issues to argue. We granted counsel's motion to withdraw and affirmed the appeal. *People v. Sanders*, No. 1-16-1692 (summary order under Illinois Supreme Court Rule 23).

¶ 12      On March 30, 2022, petitioner filed a single postconviction petition challenging his sentences in both cases, the petition before us now. The petition was improperly styled "Motion for Leave to file successive petition for post-conviction relief," though petitioner did indicate in the body of the pleading that he "has not filed any post-conviction petition in this court in neither [*sic*] of the above cases."

¶ 13      Petitioner claimed in that petition that his aggregate 39-year prison sentence for crimes he committed when he was 19 years old violated the eighth amendment to the U.S. Constitution as well as the proportionate penalties clause of the Illinois Constitution. Petitioner included citations to *Miller v. Alabama*, 567 U.S. 460 (2012) and its progeny for support, claiming that the sentencing courts did not adequately consider his youth and its attendant circumstances.

¶ 14    On May 26, 2022, the circuit court held a hearing on the petition. Petitioner was not present. The hearing was brief:

> "THE COURT: Joseph Sanders. Defendant is not in court, he is in [Department of Corrections] custody. His appearance will be waived. He's seeking a hearing. A resentencing on a *Miller*, it appears, and that'll be denied.
>
> [PROSECUTOR]: That one's off call, yes, Judge?
>
> THE COURT: Yes, off call. Does he have two cases on the call?
>
> [PROSECUTOR]: He does. He filed—yeah, he has two separate cases.
>
> THE COURT: All right. Those will be denied. It will be off call."

¶ 15    There are two docket entries for that order, both of which stated: "Denied. Off Call," without further elaboration. On June 2, 2022, the Clerk entered a "Certified Report of Disposition" that reads, "Leave to File the Successive Petition for Post-Conviction Relief is Denied."

¶ 16    This timely appeal followed.

¶ 17                                    ANALYSIS

¶ 18    Petitioner argues that the circuit court erred in applying an erroneous analysis to his petition based on the incorrect belief that the petition was a successive postconviction petition, not the initial petition. That error, says petitioner, requires a remand and an advancement to the second stage of initial postconviction proceedings.

¶ 19    Our review of the dismissal of a first-stage postconviction petition, as well our review of the denial of leave to file a successive postconviction petition, is *de novo*, as we are confronted with pure questions of law. *People v. Wilson*, 2014 IL App (1st) 113570, ¶ 31.

¶ 20    The Post-Conviction Hearing Act provides a method by which a prisoner may assert that their conviction or sentence was tainted by a substantial denial of their federal or state

- 4 -

constitutional rights. 725 ILCS 5/122-1 (West 2022); *People v. Urzra*, 2023 IL 127789, ¶ 32. Proceedings under the act play out in three stages; at the first stage, the circuit court must independently review the petition and dismiss it if it is "frivolous or patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2022).

¶ 21     If a defendant states the "gist" of a constitutional claim, the court must advance the petition to the second stage of proceedings, even if the petition lacks formal legal arguments or citations to legal authority. *People v. Hodges*, 234 Ill. 2d 1, 9, 12 (2009). The "gist" standard is deliberately lenient given that most postconviction petitions are drafted by *pro se* prisoners unschooled in the finer points of the law. *Id.*  If the court finds the claims to be frivolous or patently without merit, it must dismiss the petition. 725 ILCS 5/122-2.1(a)(2) (West 2022).

¶ 22     The law contemplates only one postconviction petition and disfavors successive ones. A petitioner wishing to file a successive postconviction petition must seek leave of court to do so. *Id.* § 122-1(f). To obtain leave, the petitioner must demonstrate "cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice result[ing] from that failure." *Id.*; see *People v. Moore*, 2023 IL 126461, ¶ 34. "Cause" in this context means an objective factor that prevented the defendant from raising the claim earlier. 725 ILCS 5/122-122-1(f) (West 2022); *People v. Howard*, 2021 IL App (2d) 190695, ¶¶ 20-21. "Prejudice" means that the previously unraised constitutional violation "so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2022).

¶ 23     Quite obviously, the hurdles a petitioner must clear to file a successive postconviction petition is significantly more onerous than merely being required to state the "gist" of a constitutional violation at the first stage of an initial postconviction petition.

¶ 24    Initially, the State disputes that the circuit court treated this petition as a successive postconviction petition rather than an initial one. The State likens the written dispositions—referencing a "successive petition" and "leave to file" being "denied"—to nothing more than a "scrivener's error." But no fair reading of the record could produce any conclusion other than the court mistakenly believing that the initial postconviction petition was a successive petition.

¶ 25    First and foremost, the petition self-identified as a successive postconviction petition seeking leave to file. When the circuit court began its brief hearing, the court made no mention one way or the other as to the form of the petition, but in disposing of the petition, the court used the word "denied" as opposed to "dismissed," the latter of which would have been the appropriate vernacular for disposal of an initial postconviction petition. Each docket entry likewise used the word "denied." And the entry by the clerk read: "Leave to File the Successive Petition for Post-Conviction Relief is Denied."

¶ 26    We are not in the habit of playing a game of "gotcha," whereby a single slip of the tongue or improper choice of word by the trial court leads to upending a judgment. But literally all indications in the record point to the conclusion that the circuit court (misled at the outset by petitioner's mislabeling of his petition) believed that the petition before the court was a successive postconviction petition.

¶ 27    When the trial court applies the standard for a *successive* petition to an initial postconviction petition at the first stage, we traditionally have vacated the judgment and remanded, regardless of whether the circuit court misconstrued the initial petition as a successive one on its own or the petition (as here) was mislabeled by the petitioner as successive. See, *e.g.*, *People v. Anderson*, 2015 IL App (2d) 140444, ¶ 15 (petitioner mislabeled petition as successive); *People v. Little*, 2012 IL App (5th) 100547, ¶ 24 (court misconstrued petition as

successive); *People v. Inman,* 407 Ill.App.3d 1156, 1163 (2011) (court misconstrued petition as successive); *People v. Carter,* 383 Ill.App.3d 795, 798 (2008) (court misconstrued petition as successive); *People v. Garcia*, 2021 IL App (1st) 172212-U, ¶¶ 44 (petitioner mislabeled petition as successive).

¶ 28    We choose to follow that path here, as well. We have already explained the significant differences between the "gist" standard of first-stage, initial postconviction review and the cause-and-prejudice standard at the leave-to-file stage of a successive postconviction petition. That difference is particularly stark here.

¶ 29    The petition here raised constitutional challenges to petitioner's sentences, relying on the Supreme Court's *Miller* decision and the many decisions from Illinois it has spawned. While we do not comment on the merits of these claims here, a petitioner is generally entitled to at least *raise* an eighth-amendment or proportionate-penalties claim on direct appeal or in an initial postconviction petition. See *People v. Hilliard*, 2023 IL 128186, ¶ 29; *People v. Fuller*, 187 Ill. 2d 1, 5-6 (1999).

¶ 30    But not so with successive postconviction petitions. Our supreme court has been clear that the *Miller* decision does not provide "cause" for any petitioner to file a successive postconviction petition asserting a proportionate-penalties violation, nor would *Miller* provide "cause" for a petitioner who was older than 18 at the time he committed his offenses (like petitioner here) to raise either sentencing-based constitutional challenge. *Hilliard*, 2023 IL 128186, ¶ 28; *People v. Moore*, 2023 IL 126461, ¶ 38; *People v. Clark*, 2023 IL 127273, ¶ 61. So the difference between considering this claim as an initial postconviction petition versus a successive one is the difference between a review on the petition's merits versus no review at all.

¶ 31    We thus vacate the trial court's judgment and remand this cause for consideration of the petition as an initial postconviction petition, not a successive one.

¶ 32    But the question now becomes whether we remand for *first*-stage proceedings or advance it to the second stage. Petitioner here asks for an advancement to the second stage, where petitioner will be appointed counsel and will be required to show a substantial likelihood of a constitutional violation.

¶ 33    In the decisions where the circuit court, on its own, misconstrued an initial petition as a successive one, the appellate courts have remanded for second-stage proceedings. See *Little*, 2012 IL App (5th) 100547, ¶¶ 19-21; *Inman,* 407 Ill. App. 3d at 1162-63; *Carter,* 383 Ill. App. 3d at 798. The reasoning is that the circuit court had 90 days to determine whether an initial postconviction petition is frivolous or patently without merit, and the failure to so rule within 90 days automatically advances the petition to the second stage. See 725 ILCS 5/122-2.1(a) (West 2022) (requiring ruling "[w]ithin 90 days after the filing and docketing of each petition"); *People v. McDonald*, 373 Ill. App. 3d 876, 881 (2007) (initial petition automatically advances to second stage if court does not rule within 90 days of filing).

¶ 34    So the fact that the trial court applied the cause-and-prejudice analysis to what was, in fact, an initial postconviction petition meant that the 90-day rule had been violated, thus warranting advancement to the second stage. See *Little*, 2012 IL App (5th) 100547, ¶¶ 23- 24; *Inman,* 407 Ill. App. 3d at 1162-63; *Carter,* 383 Ill. App. 3d at 798.

¶ 35    But in the cases where the petitioner himself presented the initial postconviction petition as a successive petition and sought leave to file it, the appellate court remanded for *first*-stage proceedings. See *Anderson*, 2015 IL App (2d) 140444, ¶ 34; *Garcia*, 2021 IL App (1st) 172212-U, ¶ 55. The difference was that those petitions were never "filed" in court, because the circuit

court denied leave to file. See *People v. Tidwell*, 236 Ill. 2d 150, 159 (2010) ("a successive postconviction petition will not be considered filed, as that term is used in the statute, until leave is granted, notwithstanding the circuit clerk's reception and acceptance of the petition.") (internal quotation marks omitted).

¶ 36    Because those mislabeled petitions were never filed, no 90-day clock began to run, so a return to the first stage was appropriate. *Anderson*, 2015 IL App (2d) 140444, ¶ 34; *Garcia*, 2021 IL App (1st) 172212-U, ¶ 55. And remanding to the second stage under these circumstances would incentivize petitioners to mislabel their initial petitions as successive ones, thus allowing them to obtain reversal on appeal and a jump to the second stage, bypassing first-stage review altogether simply by virtue of their own mistake (or gamesmanship). *Anderson*, 2015 IL App (2d) 140444, ¶ 34; 2021 IL App (1st) 172212-U, ¶¶ 56-57.

¶ 37    We are not suggesting any gamesmanship was at play here. But our facts fall within *Anderson* and *Garcia*, and we find their reasoning sound. Petitioner should not be able to bypass first-stage review based on a mistake that he prompted. And no violation of the 90-day rule occurred, as the mislabeled petition was never technically "filed" per *Tidwell*. A remand to the first stage of postconviction proceedings is thus appropriate.

¶ 38                                 CONCLUSION

¶ 39    The judgment of the circuit court is vacated. The cause is remanded for first-stage proceedings for an initial postconviction petition.