JIA H. HWANG, Plaintiff-Appellant v. TIMOTHY G. TYLER, Defendant-Appellee (Royal Motel, Inc., Plaintiff).

First District (4th Division)   No. 1—92—1249

Opinion filed September 2, 1993.

Holstein, Mack & Klein, of Chicago (Anthony B. Bass and Gina R. Fietsam, of counsel), for appellant.

Winston & Strawn, of Chicago (Kimball R. Anderson, Christopher S. Canning, and Joseph J. Zaknoen, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiff, Jia H. Hwang, appeals from an order confirming an arbitration award in favor of the defendant, Timothy G. Tyler.

We address: (1) whether this court has jurisdiction to consider the plaintiff's appeal from an order denying his motion to stay arbitration when he did not appeal within 30 days of the order; and (2) whether the trial court properly confirmed the arbitration award. For the following reasons, we dismiss the appeal in part and affirm in part.

The plaintiff is one of three shareholders of Royal Motel, Inc. (Royal). In an effort to sell a motel that Royal owned, they entered into a five-year agreement with the defendant to manage the renovation of the motel. The agreement provided that the parties would settle any dispute relating to the agreement through arbitration. The plaintiff, the defendant, and the other two shareholders signed the agreement; however, the signature line for Royal was left blank. Before the agreement expired, the defendant was discharged.

Subsequently, the defendant filed a demand for arbitration with the American Arbitration Association alleging breach of contract in count I, fraud and breach of fiduciary duty in count II, libel in count III, and tortious interference with prospective economic advantage in count IV.

The plaintiff, the other shareholders, and Royal filed a complaint in the circuit court for, *inter alia*, a declaratory judgment alleging that the agreement was only a draft and, as a result, the parties did not agree to arbitrate. They also alleged that the agreement was not enforceable because no one signed on behalf of Royal. The plaintiff, the other shareholders, and Royal moved to stay arbitration under section 2 of the Uniform Arbitration Act (Ill. Rev. Stat. 1989, ch. 10, par. 102), arguing that there was no agreement to arbitrate.

After a hearing, the trial court found that the plaintiff and the other shareholders were individually responsible under the agreement but because they did not sign on behalf of Royal, the agreement did not bind Royal. Also, the court found that only count I for breach of contract and count II for fraud and breach of fiduciary duty were arbitrable. As a result, on September 11, 1990, the court denied the motion to stay and compelled arbitration as to counts I and II and granted the motion to stay as to counts III and IV. The plaintiff did not appeal from this order.

After an arbitration hearing on counts I and II, the arbitrators found in favor of the defendant and awarded damages. On the defendant's motion and over the plaintiff's objection, the trial court

confirmed the award on February 27, 1992. The plaintiff now appeals.

OPINION

The plaintiff initially challenges the order denying his motion to stay arbitration on counts I and II. The defendant contends that this court does not have jurisdiction to consider an appeal from that order because the plaintiff did not appeal within 30 days of its entry as required under Supreme Court Rule 307(a)(1) (134 Ill. 2d R. 307(a)(1)).

■ Rule 307(a)(1) allows an appeal from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." (134 Ill. 2d R. 307(a)(1).) "Orders to compel or stay arbitration are considered as interlocutory orders because they are injunctive in nature." (*Robert A. Besner & Co. v. Lit America, Inc.* (1991), 214 Ill. App. 3d 619, 623, 574 N.E.2d 703, 705.) An order denying a motion to stay arbitration is appealable under Rule 307(a)(1). (*Grane v. Grane* (1985), 130 Ill. App. 3d 332, 473 N.E.2d 1366; see *Besner*, 214 Ill. App. 3d 619, 574 N.E.2d 703 (order compelling arbitration is appealable under Rule 307(a)(1)); see also *Notaro v. Nor-Evan Corp.* (1983), 98 Ill. 2d 268, 456 N.E.2d 93 (order denying motion to compel arbitration is appealable under Rule 307(a)(1).) A notice of interlocutory appeal must be filed within 30 days of such an order (134 Ill. 2d R. 307(a)), or the right to challenge the ruling is lost (*Besner*, 214 Ill. App. 3d 619, 574 N.E.2d 703).

■ The plaintiff relies on this court's denial of the defendant's motion to dismiss the appeal as a conclusive determination of the jurisdiction issue. However, the denial of a motion to dismiss an appeal prior to briefing and argument is not final and may be revised at any time before the disposition of the appeal. (*Carter v. Chicago & Illinois Midland Ry. Co.* (1986), 144 Ill. App. 3d 437, 494 N.E.2d 892, *rev'd on other grounds* (1988), 119 Ill. 2d 296, 518 N.E.2d 1031; *Mt. Vernon Girl Scout Council v. Girl Scouts* (1965), 55 Ill. App. 2d 443, 205 N.E.2d 474.) This court has an obligation to consider its jurisdiction at any time and should dismiss an appeal if jurisdiction is lacking. (*Hamilton v. Williams* (1992), 237 Ill. App. 3d 765, 604 N.E.2d 470.) As a result, this court may reconsider the issue of jurisdiction.

■ Responding to the jurisdiction question, the plaintiff contends that the order compelling arbitration was not appealable because it left other claims pending and there was no finding under Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)) that there was no just reason to delay enforcement or appeal. The plaintiff misunderstands the nature of Rule 304(a). Rule 304(a) applies to final orders that do not

dispose of an entire proceeding and requires a finding that the order is appealable. However, orders to compel or stay arbitration are interlocutory rather than final and are appealable under Rule 307, which allows appeals from certain interlocutory orders as of right. Rule 304(a) does not apply to interlocutory orders and the absence of a finding under the rule does not affect jurisdiction in this case.

Here, the order denying the plaintiff's motion to stay and compelling arbitration as to counts I and II was entered on September 11, 1990. The plaintiff did not file a notice of appeal within 30 days of that order. As a result, this court does not have jurisdiction to review that order and that part of the plaintiff's appeal must be dismissed.

■■ The plaintiff also challenges the trial court's order confirming the arbitration award arguing only that there was no arbitration agreement.

Under section 12(a)(5) of the Uniform Arbitration Act, the trial court shall vacate an arbitration award if "[t]here was no arbitration agreement *and* the issue was not adversely determined in proceedings under Section 2 *and* the party did not participate in the arbitration hearing without raising the objection." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 10, par. 112(a)(5).) If there was a judicial determination of whether there was an agreement to arbitrate in a prior section 2 proceeding, the issue may not be relitigated in a subsequent section 12 proceeding. (*Mid-America Regional Bargaining Association v. Modern Builders Industrial Concrete Co.* (1981), 101 Ill. App. 3d 83, 427 N.E.2d 1011; *Roosevelt University v. Mayfair Construction Co.* (1975), 28 Ill. App. 3d 1045, 331 N.E.2d 835.) Generally, a party's failure to timely appeal from an order which was appealable under Rule 307(a) renders that order the law of the case. *Wolfe v. Illini Federal Savings & Loan Association* (1987), 158 Ill. App. 3d 321, 511 N.E.2d 828.

Here, the issue of whether there was an agreement to arbitrate was determined in a section 2 proceeding; the trial court denied the plaintiff's motion to stay arbitration on counts I and II and found that there was an agreement to arbitrate. As discussed previously, the plaintiff failed to appeal from that ruling. That ruling became the law of the case. As a result, the issue was "adversely determined," as stated in section 12(a)(5), and the plaintiff cannot relitigate the issue.

The plaintiff urges that the trial court may vacate the award even though the issue was adversely determined in a section 2 proceeding because he raised an objection in the arbitration hearing. The language of section 12(a)(5), however, requires that both conditions be met before a party may argue that an award should be vacated be-

cause there was no arbitration agreement. If the issue was not adversely determined under section 2 and if the party raised an objection in the arbitration hearing, a challenge to an alleged agreement to arbitrate may be raised in a section 12(a)(5) proceeding to vacate the award. Regardless of whether the plaintiff in this case objected in the arbitration hearing, the issue of whether there was an agreement to arbitrate was adversely determined in the prior section 2 proceeding. Therefore, the plaintiff's argument that the trial court improperly confirmed the award is without merit.

Appeal dismissed in part; affirmed in part.

CAHILL, P.J., and JOHNSON, J., concur.