2016 IL App (3d) 140278

Opinion filed January 26, 2016

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2016

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-14-0278 Circuit No. 04-CF-1587 |
| | ) | |
| DAVID VARI, | ) ) | Honorable Daniel J. Rozak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Lytton and Carter concurred in the judgment and opinion.

**OPINION**

¶ 1       Defendant, David Vari, appeals from the trial court's dismissal of his section 2-1401

petition (735 ILCS 5/2-1401 (West 2014).  Defendant concedes that he failed to deliver proper

service upon the State, but argues that the proper remedy for such a failure is not dismissal of the

petition, but quashing of service.  We dismiss the appeal for lack of jurisdiction.

¶ 2                                                    FACTS

¶ 3       In 2005, defendant pled guilty to one count of predatory criminal sexual assault of a child

(720 ILCS 5/12-14.1(a)(1) (West 1996)).  The trial court accepted defendant's guilty plea and

sentenced him to a term of 18 years' imprisonment. On direct appeal, this court affirmed defendant's conviction and sentence. *People v. Vari*, No. 3-08-0493 (2010) (unpublished order under Supreme Court Rule 23).

¶ 4 On January 21, 2014, defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)). The petition was delivered to the State via standard United States mail. On January 28, 2014, the State filed a special limited appearance, asserting that the trial court did not have personal jurisdiction over the State because defendant had improperly served the State via standard U.S. mail. The State, having filed a combined motion to dismiss, also argued that defendant's petition was otherwise meritless and untimely. Each filing was served upon defendant. Defendant made no response to the State's motion.

¶ 5 On March 13, 2014, the trial court granted the State's motion to dismiss on jurisdictional grounds. The trial court's written order read in full: "Case comes on defendant's 2-1401 petition [dated January 15, 2014]. State moves to dismiss based on lack of jurisdiction because the defendant failed to properly serve the State under Supreme Court Rules 105 & 106. Case dismissed for lack of jurisdiction." The circuit clerk's office subsequently sent defendant a letter informing him of the court's order dismissing his *pro se* petition. The letter read in full: "Attached is a docket entry made by the Honorable DANIEL J ROZAK on 3/13/2014 with regard to the aforementioned cause[.] You are hereby informed of the proceedings in your case[.]"

¶ 6                                                    ANALYSIS

¶ 7 Before embarking on a substantive analysis of the issues on appeal, we must first consider our own jurisdiction. Though defendant addresses this issue only briefly, and the State

2

does not address it at all, a reviewing court has an independent duty to *sua sponte* consider questions of jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008).

¶ 8        Of particular concern in the present case is whether the trial court's order dismissing defendant's petition for a lack of jurisdiction constitutes a final, appealable order. It is a well-settled axiom that an appellate court's jurisdiction is limited to appeals from final judgments. *E.g.*, *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 9. This limit on the appellate court's jurisdiction is established by the Illinois Constitution. Ill. Const. 1970, art. VI, § 6 (providing that appeals "from *final* judgments of a Circuit Court are a matter of right to the Appellate Court" (emphasis added)). The limitation is further codified by supreme court rule. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). ("Every *final* judgment of a circuit court in a civil case is appealable as of right." (Emphasis added.)). Though certain exceptions to this rule have been created by statute or supreme court rule (*Kemp*, 2012 IL 113419, ¶ 9; see, *e.g.*, Ill. S. Ct. R. 306 (eff. July 1, 2014)), none of those exceptions would apply in the present case.

¶ 9        Our supreme court has defined a final judgment as "a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982). The court has also stated on many occasions that a judgment is final, and thus, appealable, when it "dispose[s] of all issues between the parties and  *** terminate[s] the litigation." *Kemp*, 2012 IL 113419, ¶ 11. A final judgment has also been defined as a judgment that "determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 171 (1981); see also *Flores*, 91 Ill. 2d at 112-13 (recognizing—and accepting—each of these commonly recited definitions of a final judgment).

3

¶ 10    It is a general rule that the dismissal of a complaint without prejudice is not final and appealable. *E.g.*, *People v. Mattis*, 367 Ill. App. 3d 432, 435 (2006); *Paul H. Schwendener, Inc. v. Jupiter Electric Co., Inc.*, 358 Ill. App. 3d 65, 73 (2005) (dismissing appeal on grounds court had no jurisdiction following a dismissal without prejudice). In *Flores*, our supreme court considered whether a dismissal without prejudice for want of prosecution stood as a final appealable order. *Flores*, 91 Ill. 2d at 112-13. In that case, the parties and court agreed that the plaintiffs, following the dismissal, maintained an "absolute right to refile this cause under section 24 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 24a)." *Id*. at 112. It was this right to refile, the court held, that dictated that the dismissal was not final and appealable, noting that plaintiffs could "refile the action against the same party or parties and to reallege the same causes of action." *Id*. The court concluded that the absence of a binding judgment on the merits left the appellate court without jurisdiction: "If an order possesses such a degree of finality, it would clearly be *res judicata* and would prevent relitigating the issues involved." *Id*. at 113-14.

¶ 11    The *Flores* court also emphasized the practical considerations underlying its position. *Id*. at 115. Notably, the court pointed out that plaintiff's remedy of refiling their action "is in fact a more expeditious and less expensive remedy than an appeal." *Id*. Moreover, the court pointed out:

> "Following the dismissal, plaintiffs could have refiled immediately, and a disposition on the merits could have been made much sooner than if the trial judge's ruling had been appealed to the appellate court, reversed and remanded, and then set for trial on the merits. Also, the costs involved in refiling would have been substantially less than those involved in the appellate process." *Id*.

¶ 12    In distinguishing *Flores* in later cases, the court has reiterated that the holding in *Flores* turned on the question of prejudice. *Kahle v. John Deere Co.*, 104 Ill. 2d 302, 305 (1984). Specifically, the court stated: "The rationale of the *Flores* opinion was that even if the trial judge abused his discretion in dismissing the case, the plaintiff, if he refiled, ultimately was not prejudiced." *Id.*; see also *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 501-02 (1998) (finding order final where plaintiff *was* prejudiced by inability to refile).

¶ 13    Those cases in which the supreme court has distinguished *Flores* have also further clarified when a dismissal is final and appealable. In *S.C. Vaughan*, the court held that an order dismissing a complaint for want of prosecution *was* a final and appealable order where that order resulted in the plaintiffs no longer having an absolute right to refile. *S.C. Vaughan Oil Co.*, 181 Ill. 2d at 502. The expiration of the filing period, the court explained, would effectively terminate the litigation between the parties. *Id.* In essence, though the complaint had been dismissed "without prejudice," the expiration of the filing period rendered the dismissal *actually* prejudicial to the plaintiffs. See *id.* at 499, 501-02.

¶ 14    In *Kahle*, the court determined that dismissals "without prejudice," in certain circumstances, may be appealable for limited purposes. *Kahle*, 104 Ill. 2d at 307. In that case, the trial court dismissed plaintiff's case without prejudice pursuant to section 2-1009 of the Code (See 735 ILCS 5/2-1009 (West 2014)). *Kahle*, 104 Ill. 2d at 303. The section, the court noted, allowed a plaintiff to dismiss his or her action without prejudice " 'at any time before trial or hearing begins.' " *Id.* at 305 (quoting Ill. Rev. Stat. 1981, ch. 110, ¶ 2-1009). However, if a trial or hearing *has* begun, that section of the Code dictates that the plaintiff may only dismiss his or her action on terms set by the trial court. *Id.* at 305-06. Unless the dismissal order was

5

appealable by the defendants to determine whether the trial or hearing had begun, the court reasoned, that issue would permanently evade review. *Id*. at 306.

¶ 15    The foregoing principles have recently been applied in the context of a section 2-1401 petition in a pair of cases from the Second District Appellate Court. In *People v. Walker*, 395 Ill. App. 3d 860 (2009), the trial court dismissed the defendant's multiple section 2-1401 petitions on the ground that the court lacked jurisdiction, because a direct appeal of defendant's conviction remained pending. *Id*. at 862-63. On appeal, the appellate court considered whether those dismissals were final and appealable. *Id*. at 864. The court noted that the dismissal was not on the merits, and "was not precisely a dismissal with prejudice," because the defendant would be free to refile as soon as his direct appeal was resolved. *Id*. Admitted the court: "Those factors hint at a lack of finality." *Id*.

¶ 16    Citing *Flores*, the *Walker* court stated that "[a]n order that dismisses a complaint, but does not bar the plaintiff from filing a new action based on the same claim, is not final for the purposes of deciding whether the plaintiff may attack the dismissal." *Id*. at 865. However, the court concluded that the dismissals were final and appealable, because defendant, despite his ability to *eventually* refile, was prejudiced. *Id*. at 864. Explained the court:

> "[B]ecause a holding that requires indefinite postponement of a filing is likely to be prejudicial, the court's order was final and appealable. A full appeal may take several years. For a litigant with a time-sensitive claim, being told to wait several years to file the claim anew does not provide true recourse for that litigant. Further, a would-be litigant who must wait to refile might face statute-of-limitation problems, and the litigant cannot wait to see whether his or her new

6

filing will be so affected. This type of dismissal has great potential for prejudice to the delayed litigant." *Id*. at 866.

¶ 17    The facts in *People v. Wallace*, 405 Ill. App. 3d 984 (2010), served to further illustrate the Second District's concerns over the statute-of-limitations implications of such dismissals. In *Wallace*, the defendant's section 2-1401 petition was dismissed for a lack of personal jurisdiction just two days prior to the expiration of section 2-1401's two-year limitation period. *Id*. at 986. Finding that "[t]he prejudice here is clearer than in *Walker*," the court held that the trial court's dismissal was final and appealable. *Id*.

¶ 18    In the case at hand, defendant was not prejudiced by the trial court's dismissal of his section 2-1401 petition. Unlike the defendants in *Walker* and *Wallace*, defendant here brought his initial petition already outside of the section 2-1401 two-year window. See 735 ILCS 5/2-1401(c) (West 2014) ("[T]he petition must be filed not later than 2 years after the entry of the order or judgment."). Moreover, there is no bar to the filing of successive section 2-1401 petitions, aside from the doctrine of *res judicata*. See *People v. Donley*, 2015 IL App (4th) 130223, ¶ 40. Of course, dismissal on jurisdictional grounds is not *res judicata* as to the merits of a petition. *E.g.*, *Ryburn v. People*, 349 Ill. App. 3d 990, 994 (2004); see also Ill. S. Ct. R. 273 (providing that a dismissal for lack of personal jurisdiction does not serve as an adjudication on the merits).

¶ 19    Defendant in the present case, having filed his section 2-1401 petition after the two-year limitations window had closed, faced the task of establishing disability, duress, or fraud in order to have his petition considered on the merits. See 735 ILCS 5/2-1401(c) (West 2014). Those requirements would remain in place upon the refiling of a new petition. The dismissal in this case did not leave him unable to refile, as in *S.C. Vaughan*, and it did not threaten to encroach

upon the statutory filing window, as in *Walker* and *Wallace*. On the contrary, the trial court's dismissal had no meaningful impact on defendant's right to refile the same petition, as was the case in *Flores*. As the supreme court stated: "[E]ven if the trial judge abused his discretion in dismissing the case, the plaintiff, if he refiled, ultimately was not prejudiced." *Kahle*, 104 Ill. 2d at 305. As defendant was in no way prejudiced by the trial court's dismissal, that dismissal is not considered a final, appealable order. Accordingly, this court is without jurisdiction to hear defendant's appeal, and the appeal must be dismissed.

¶ 20     We note that defendant does argue, albeit it briefly, that the trial court's dismissal of defendant's petition was with prejudice. Defendant first contends that because the trial court's order did not state explicitly that it was "without prejudice," it therefore must have been *with* prejudice. Defendant has cited no authority for his implicit position that all dismissals are presumptively with prejudice, unless the trial court explicitly declares otherwise. Moreover, it is the actual ramifications of a trial court's order, rather than its language alone, that determines whether the order is appealable. See, *e.g.*, *Fligelman v. City of Chicago*, 264 Ill. App. 3d 1035, 1038 (1994) ("To determine the finality of an order, the court must examine its substance as opposed to its form.").

¶ 21     Defendant also emphasizes the fact that defendant was notified by the clerk of the entry of an order in his case. Defendant argues that this notification was the notice required by Illinois Supreme Court Rule 651(b) (eff. Feb. 6, 2013). That rule requires notice to be sent to a defendant from the circuit clerk "[u]pon the entry of a judgment adverse to a petitioner in a post-conviction proceeding." *Id*. The rule also provides the exact language—a full paragraph—to be conveyed to the defendant. Consequently, defendant's argument here fails on multiple grounds. First, the rule provides that notice be given in the event of any adverse judgment; it is not limited

8

to final judgments. Second, the letter sent by the circuit court did not include the prescribed language, nor did it otherwise inform defendant of his appeal rights. Simply put, the letter was not a Rule 651(b) notice.

¶ 22 In holding that the dismissal of defendant's section 2-1401 petition for lack of jurisdiction, filed outside of the two-year statutory filing period, is not a final and appealable order, we do not foreclose the possibility that such a dismissal may be appealable in limited circumstances. See *Kahle*, 104 Ill. 2d at 307. In particular, an appeal might be taken in order for a defendant to argue that service was proper, and thus dispute the trial court's lack of jurisdiction. As in *Kahle*, this would be an attack on the conditions precedent for the dismissal. *Id*. at 306. The defendant not having advanced such an argument, however, we need not presently decide that issue.

¶ 23 The argument put forth here by defendant—that the trial court should have quashed service rather than dismissed the petition outright—illustrates the lack of prejudice to defendant and the insignificance of this appeal. Whether we grant defendant the relief he seeks, or affirm, or dismiss the appeal, defendant's next step remains the same: mail his petition and service of process again. To paraphrase the *Flores* court, if defendant had refiled immediately (this time, with proper service), a disposition on the merits of his case would have occurred far sooner, and at substantially lower cost, than it would have following his attempt to gain a remand on appeal. *Flores*, 91 Ill. 2d at 115.

¶ 24                                                        CONCLUSION

¶ 25 The appeal is dismissed for lack of jurisdiction.

¶ 26 Appeal dismissed.