**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200318-U

Order filed May 14, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| JACK CANTWAY, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-20-0318 |
| | ) | Circuit No. 20-TX-4 |
| | ) | |
| WILL COUNTY COLLECTOR, | ) | Honorable |
| | ) | Bobbi N. Petrungaro, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices Daugherity and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The circuit court's dismissal of plaintiff's complaint without prejudice was not a
                 final judgment and requires the dismissal of this appeal for lack of appellate
                 jurisdiction.

¶ 2     Plaintiff, Jack Cantway, filed an action in the circuit court seeking a determination that

his property was exempt from taxes. Following a hearing, the circuit court granted defendant,

Will County Collector's, motion to dismiss plaintiff's complaint without prejudice. Plaintiff

appeals.

## I. BACKGROUND

On June 1, 2020, plaintiff filed a fill-in-the-blank tax objection complaint (complaint) wherein plaintiff generally objected to paying any taxes on the property commonly known as 8919 Clifton Avenue, Mokena, Illinois (PIN number 19-09-10-403-060-0000) because "[o]bviously there is no law requiring [plaintiff] as an American citizen to pay real estate property taxes."

On July 2, 2020, the Will County State's Attorney's Office filed an appearance and a motion to dismiss pursuant to section 2-619 of the Illinois Code of Civil Procedure on defendant's behalf. 735 ILCS 5/2-619 (West 2018). Defendant's motion to dismiss argued that pursuant to section 23-25 of the Property Tax Code (Code), plaintiff lacked standing to seek a judicial declaration that his property was exempt from taxes where plaintiff's complaint did "not fall within the statutory grounds." Accordingly, defendant alleged the circuit court lacked subject matter jurisdiction over the matter.

On August 24, 2020, the circuit court conducted a hearing on defendant's motion to dismiss. Following brief argument, the circuit court dismissed plaintiff's complaint, without prejudice, where plaintiff failed to provide "the statutory objections to file a tax objection complaint requesting [the court] to declare the property be tax exempt." The circuit court remarked that if plaintiff had "something that falls within the statute, he can replead." Plaintiff appeals.

## II. ANALYSIS

Though the parties propose on appeal that this court address the merits of the circuit court's ruling on defendant's motion to dismiss, this court has the independent duty to consider its own jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Indeed, a dismissal of a

complaint without prejudice is generally not a final and appealable order. *People v. Vari*, 2016 IL App (3d) 140278.

¶ 9 Here, the circuit court dismissed plaintiff's complaint, without prejudice, and specifically remarked that plaintiff could refile his complaint to state a claim that fell within the provisions of the Code. Much like the circuit court, we find no facts in this limited record that would definitively bar plaintiff from stating a cognizable claim in accordance with the Code.

¶ 10 Ultimately, the absence of a binding judgment on the merits leaves this court without jurisdiction to address plaintiff's claims on appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Therefore, plaintiff's appeal is dismissed for lack of jurisdiction. In addition, we decline to address plaintiff's claims relating to treason, disbarment, and damages, among other things, as such claims are not properly before this court.

¶ 11 III. CONCLUSION

¶ 12 The appeal is dismissed for lack of jurisdiction.

¶ 13 Appeal dismissed.