**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200319-U

Order filed September 16, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| JACK CANTWAY, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois, |
| | ) | |
| v. | ) | Appeal No. 3-20-0319 |
| | ) | Circuit No. 20-TX-5 |
| | ) | |
| WILL COUNTY COLLECTOR, | ) | Honorable |
| | ) | Barbara N. Petrungaro, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

JUSTICE LYTTON delivered the judgment of the court.
Justices Schmidt and Wright concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*: Appellate court lacks jurisdiction to consider plaintiff's claims; circuit court's dismissal of plaintiff's complaint without prejudice was not a final and appealable order.

¶ 2      Plaintiff, Jack Cantway, filed an objection to his property taxes against defendant, Will County Collector, challenging defendant's authority to impose real estate property taxes and seeking an order stating that he was not required to pay them. On defendant's motion, the circuit

court dismissed plaintiff's complaint without prejudice, and plaintiff appeals. We dismiss plaintiff's appeal for lack of jurisdiction.

## I. BACKGROUND

On June 1, 2020, plaintiff filed a tax objection complaint claiming that he was not required to pay taxes on property located at 9526 Rosewood Lane, Mokena, Illinois (PIN 19-09-10-104-013-0000) because "[the tax levying] statutes do not apply to natural persons or American citizens; only to the government" and "there is no law requiring me as an American citizen to pay a real estate property tax."

The Will County State's Attorney's office filed an appearance on behalf of defendant, Will County Treasurer and Collector Timothy Brophy, and a motion to dismiss under section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2020)). In the motion, defendant argued that pursuant to section 23-25 of the Property Tax Code (Code) (35 ILCS 200/23-25 (West 2020)), plaintiff could not object on grounds that his property was exempt from taxation or seek a judicial determination as to tax exempt status unless a statutory exception applied. Defendant maintained that plaintiff had no standing and the trial court lacked subject matter jurisdiction because plaintiff's pleading did not fall within a statutory exception.

Following a hearing, the circuit court granted defendant's motion to dismiss without prejudice. The court stated that it was giving plaintiff the opportunity to replead his property tax objection within the statutory guidelines.

## II. ANALYSIS

On appeal, Cantway claims that the circuit court lacked subject matter jurisdiction, that the two circuit court judges who presided over his case committed acts of treason, that both judges should be disbarred, and that he should be awarded $5 million in damages.

¶ 9 This court has a duty to consider jurisdiction even when the parties do not raise the question on appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Supreme Court Rule 301 confers appellate jurisdiction from final judgments of the circuit court as a matter of right. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). A final judgment is "a determination by the court on the issues presented by the pleading which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." *Flores v. Dugan*, 91 Ill. 2d 108, 112 (1982). A dismissal of a complaint without prejudice is generally not a final and appealable order. *People v. Vari*, 2016 IL App (3d) 140278 (dismissing appeal for lack of jurisdiction from an order granting a motion to dismiss without prejudice).

¶ 10 Here, the circuit court dismissed plaintiff's complaint without prejudice and granted him the opportunity to replead his tax objection to state a claim that fell within the Code. The absence of a final judgment in this case leaves this court without jurisdiction to address plaintiff's claims on appeal. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). Plaintiff's appeal is therefore dismissed for lack of jurisdiction.

¶ 11                                    III. CONCLUSION

¶ 12 The appeal is dismissed for lack of jurisdiction.

¶ 13 Appeal dismissed.