**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200320-U

Order filed October 5, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| JACK CANTWAY, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Will County, Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-20-0320 |
| | ) | Circuit No. 20-TX-6 |
| WILL COUNTY COLLECTOR, | ) | |
| | ) | The Honorable |
| Defendant-Appellee. | ) | Barbara N. Petrungaro, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE McDADE delivered the judgment of the court.
Justices Daugherity and Holdridge concurred in the judgment.

**ORDER**

¶ 1     *Held*:   Because the circuit court's order dismissed plaintiff's complaint without prejudice, it was not final and appealable. The appellate court lacks jurisdiction to hear plaintiff's appeal.

¶ 2     Plaintiff, Jack Cantway, challenged the authority of defendant, Will County Collector, to require him to pay property taxes, claiming exemption as an American citizen. Defendant filed a motion to dismiss, which was granted without prejudice by the circuit court of Will County. Plaintiff appeals.

¶ 3                           I. BACKGROUND

¶ 4        On June 1, 2020, plaintiff, proceeding *pro se,* filed a form complaint objecting to paying the tax assessed on his real property commonly known as 9403 Hawthorne Avenue, Mokena, IL 60448 and identified by PIN 19-09-10-303-008-0000. Plaintiff claimed he was exempt from the payment of such tax by virtue of his status as an American citizen.

¶ 5        In response, defendant filed a motion, pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)), seeking dismissal of the complaint, asserting statutory authority for both the assessment of the tax and the plaintiff's lack of standing to object to the assessment. More specifically, Collector Timothy Brophy, asserted that section 23-25 of the Illinois Property Tax Code (35 ILCS 200/23-25 (West 2018)) prohibited plaintiff's challenge absent specific exceptions found in sections 8-40, 23-25, 14-25, or 21-75 of the tax code. None of those exceptions had been cited by plaintiff.

¶ 6        The trial court held a hearing on defendant's motion to dismiss on August 24, 2020, and, following a brief argument, entered a written order dismissing the complaint with leave to replead if plaintiff could allege a statutory exception allowing him to proceed with a claim that his property is tax exempt.

¶ 7        Without availing himself of the opportunity to amend his complaint to state a cognizable claim, plaintiff immediately filed his notice of a standard appeal. He seeks the following relief: reversal or vacatur of the trial court's judgment, judgment in his favor, prosecution of Judges Anderson and Petrungaro for treason, damages in the amount of five million dollars, penalties, fees, and reimbursement of all real estate taxes paid by him from 2010 through 2020.

¶ 8                             II. ANALYSIS

¶ 9        Before this court can address the merits of an appeal, it has an independent duty to determine that it has jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). By checking the "appeal" box, plaintiff has elected to proceed with an appeal pursuant to Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017), both of which must be taken from a "final judgment." In the instant case, the dismissal below was "without prejudice," a designation that typically indicates a decision is non-final and, therefore, unappealable. *People v. Vari*, 2016 IL App (3d) 140278. We find nothing in the record before us that definitively precludes all possibility that plaintiff could state a viable claim and thus we conclude that the circuit court's decision to grant him another opportunity to provide statutory support for his standing to object was reasonable and should be given full effect in this court. Accordingly, we find that the order which plaintiff seeks to challenge is not final and appealable.

¶ 10        For the foregoing reason, this court lacks jurisdiction to consider the merits of plaintiff's appeal and his claims for relief. The appeal is, therefore, dismissed.

¶ 11                                III.  CONCLUSION

¶ 12        The appeal is dismissed for lack of jurisdiction.

¶ 13        Appeal dismissed.