NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 230520-U

NO. 4-23-0520

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
September 27, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| TAYLOR S. | ) | Sangamon County |
|     Petitioner-Appellee, | ) | No. 21D455 |
|     and | ) | |
| CAMERON S. | ) | Honorable |
|     Respondent-Appellant. | ) | Christopher G. Perrin, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court properly dismissed respondent father's petition to modify parenting time. Respondent did not state sufficient facts to allege a substantial change in circumstances not contemplated by the parenting agreement or to show the modification would conform to the actual arrangement under which the child had been receiving care, without parental objection, during the six months preceding the filing of the petition.

¶ 2    In August 2021, petitioner, Taylor S., filed a petition for a legal separation from respondent, Cameron S. On August 27, 2021, the trial court approved a parenting agreement between the parties concerning their child, E.S., born in March 2020. Under the plan, Taylor had the majority of parenting time, and Cameron's parenting time consisted of every other weekend. The plan also included provisions allowing for flexibility in the parenting time as agreed to by the parties.

¶ 3        In December 2022 and March 2023, Cameron sought to modify the parenting plan, alleging the parties had engaged in equal parenting time on a week-to-week schedule, but Taylor later refused to continue that schedule.  The trial court dismissed Cameron's first petition to modify with leave to amend.  The court dismissed the second petition, finding he failed to show a substantial change in circumstances.

¶ 4        On appeal, Cameron argues the trial court erred in dismissing his petition to modify parenting time because, taking the facts alleged in his petition as true, (1) the change in parenting time was a substantial change in circumstances and it was in E.S.'s best interest to modify the parenting plan and (2) the court could modify the parenting plan without a showing of changed circumstances when the modification reflected the actual arrangement under which E.S. had been receiving care, without parental objection, for the six months preceding the filing of the petition for modification.  Taylor contends this court lacks jurisdiction over the appeal, or in the alternative, the trial court did not err in dismissing the petition.  We determine we have jurisdiction and affirm.

¶ 5                                    I. BACKGROUND

¶ 6        In August 2021, the trial court approved a parenting agreement between the parties concerning E.S.  The parenting agreement contained several provisions addressing cooperation between the parties regarding parenting time.  The primary provision, relating to "Normal Parenting Time," stated:

> "Mother shall have majority parenting time with the parties' child.  Father shall have parenting time with the minor child, at a minimum, every other weekend from Friday at 5:00 p.m. until Sunday at 7:00 p.m.

The parties agree and acknowledge that Father has care of his son from a previous relationship on a week-on-week off schedule and that Father shall have the parties' minor child for the alternating weekends during which he has his son. Furthermore, the parties shall cooperate to maximize Father's time with the minor child, by agreement, during the alternating weeks he has care of his son."

¶ 7 Another provision, titled "Good Faith Flexibility," provided:

"The parties agree and acknowledge it is in the best interests of all concerned that both parents have close, continuing contact with the child and that the structured allocation of parenting time set forth in Section B [concerning holiday parenting time] of this Article is important. Nonetheless, the parties also recognize that good faith flexibility on the part of both parties and the child will likely be required from time to time, including but not limited to the following circumstances."

The plan then listed examples, such as "unusual events" and flexibility regarding work obligations.

¶ 8 Additionally, the agreement stated: "Either party may have additional time with [the] child by mutual agreement of the parties, which need not be ratified by further Order of Court."

¶ 9 On August 22, 2022, the trial court dissolved the parties' marriage. The order incorporated the previous parenting plan.

¶ 10 On December 9, 2022, Cameron filed a motion to modify parenting time, alleging, since the entry of the August 27, 2021, parenting plan, a substantial change in circumstances occurred because the parties exercised a parenting-time schedule that deviated

from the plan. Cameron alleged, since the time the parenting plan was entered, he exercised overnight parenting time with E.S. several times per week. He also alleged, "In or around July of 2022, the parties began exercising equal parenting time, on a week-on/week-off basis."

¶ 11 Generally citing section 610.5 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/610.5 (West 2022)), Cameron argued the change in schedule was a substantial change in circumstances. Taylor moved to dismiss, arguing, "Seasonal and from time-to-time deviations to parenting plans, by agreement, do not constitute a substantial change in circumstances." Citing section 610.5(e)(1) of the Act (750 ILCS 5/610.5(e)(1) (West 2022)), Cameron responded the trial court could modify a parenting plan without a showing of changed circumstances if the modification was in the child's best interest and the modification reflected the actual arrangement under which the child had been receiving care, without parental objection, for the six months preceding the filing of the petition for modification.

¶ 12 On March 15, 2023, the trial court held a hearing. There is no transcript or substitute for a transcript of the hearing in the record. The court entered an order stating, "Motion filed Motion to Dismiss granted. Respondent to file amended Motion to Modify." The court then continued the matter.

¶ 13 On March 21, 2023, Cameron filed an amended petition to modify parenting time. Cameron alleged, "Despite the schedule provided in the August 27, 2021[,] Parenting Plan, the parents agreed contemporaneously with its entry that they would exercise equal parenting time with [E.S.] on a week-to-week basis." He further alleged, "From August 2021 to September 2022, the parents exercised equal parenting time on a week-to-week schedule," which was the same schedule he exercised with E.S.'s sibling. He stated, "Following this schedule allowed the siblings to be together with Cameron every other week." Cameron stated he began a dating

- 4 -

relationship in September 2022, and at that time, Taylor said she would no longer exercise week-to-week parenting time. After that, Cameron exercised parenting time with E.S. on alternating weekends and every Wednesday. Cameron contended the change was a substantial change in circumstances, which would allow the trial court to modify the parenting plan. He also contended the court could modify the parenting plan without a showing of changed circumstances because the modification reflected the actual arrangement under which E.S. had been receiving care, without parental objection, for the six months preceding the filing of the petition for modification. He concluded by stating the modification would be in E.S.'s best interest because "[t]he minor child deserves consistency and is accustomed to increased time with Cameron and her brother."

¶ 14　　　　Taylor again moved to dismiss, arguing there was no substantial change in circumstances because flexibility in parenting time had already been anticipated by the existing parenting plan. She also argued the week-to-week arrangement for E.S.'s care had not occurred during the six months preceding the filing of the petition for modification.

¶ 15　　　　On May 3, 2023, the trial court held a hearing. There is no transcript or substitute for a transcript of the hearing in the record. The court granted the motion to dismiss, writing, "Motion to Dismiss granted. The Amended Petition to Modify Parenting Time is dismissed. There has not been a substantial change in circumstances. This is a final and appealable order with no just cause to delay it's [*sic*] enforcement."

¶ 16　　　　Cameron appealed, and Taylor moved to dismiss the appeal for lack of jurisdiction, arguing the trial court's order was not final because it was not dismissed with prejudice. This court denied the motion.

¶ 17　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 18    On appeal, Cameron contends the trial court erred in dismissing his petition to modify parenting time because, taking the facts alleged in his petition as true, (1) the change in parenting time was a substantial change in circumstances and it was in E.S.'s best interest to modify the parenting plan and (2) the court could modify the parenting plan without a showing of changed circumstances when the modification reflected the actual arrangement under which E.S. had been receiving care, without parental objection, for the six months preceding the filing of the petition for modification.  Taylor again contends this court lacks jurisdiction over the appeal.  She also argues there was no substantial change in circumstances and Cameron did not allege facts showing the week-to-week parenting arrangement existed during the six months preceding the filing of the petition for modification.

¶ 19                            A. Jurisdiction

¶ 20    Taylor contends we lack jurisdiction because there was no final, appealable order when the trial court did not state its dismissal of Cameron's petition was with prejudice.  She further argues the court's statement that the order was final and appealable cannot confer jurisdiction on this court when the petition was dismissed without prejudice.  Cameron argues the effect of the court's order was to dismiss with prejudice, creating a final, appealable order.

¶ 21    This court previously denied Taylor's motion to dismiss the appeal.  However, the denial of a motion to dismiss an appeal before briefing and argument is not final and may be reconsidered at any time before the disposition of the appeal.  *Hwang v. Tyler*, 253 Ill. App. 3d 43, 45, 625 N.E.2d 243, 244-45 (1993).  Further, this court has an obligation to consider its jurisdiction at any time and should dismiss an appeal if jurisdiction is lacking.  *Hwang*, 253 Ill. App. 3d at 45, 625 N.E.2d at 245.  Because Taylor included the issue in her brief, we address it here to make clear our reasoning as to why we have jurisdiction over the appeal.

¶ 22        It is well settled appellate courts have jurisdiction over final orders.  *People v. Vari*, 2016 IL App (3d) 140278, ¶ 8, 48 N.E.3d 265.

> "A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit.  A judgment is final if it determines the litigation on the merits so that, if affirmed, nothing remains for the trial court to do but to proceed with its execution."  *Big Sky Excavating, Inc. v. Illinois Bell Telephone Co.*, 217 Ill. 2d 221, 232-33, 840 N.E.2d 1174, 1181-82 (2005).

¶ 23        The dismissal of a complaint without prejudice is generally not a final and appealable order.  *Vari*, 2016 IL App (3d) 140278, ¶ 10.  Thus, an order striking a complaint is not final and appealable if the plaintiff has the ability to refile the action.  See *Vari*, 2016 IL App (3d) 140278, ¶¶ 10-13.

¶ 24        Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) provides:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both."

However, Rule 304(a) does not dispense with the necessity of a final order to at least one of the parties or claims.  See *Peterson v. Tazewell County*, 29 Ill. App. 3d 915, 916, 330 N.E.2d 888, 889-90 (1975).  "It is not the court's finding that makes the judgment final, but it is the court's finding that makes this kind of final judgment appealable."  (Internal quotation marks omitted.) *St. Joseph Data Service, Inc. v. Thomas Jefferson Life Insurance Co. of America*, 73 Ill. App. 3d 935, 937, 393 N.E.2d 611, 614 (1979).

¶ 25        "Where, as here, a dismissal order does not explicitly state it is entered 'with prejudice' or 'without prejudice,' it is necessary 'to look to the substance of what was actually decided by the dismissal order' to determine if the order is final." *Kiefer v. Rust-Oleum Corp.*, 394 Ill. App. 3d 485, 494, 916 N.E.2d 22, 30 (2009) (quoting *McMann v. Pucinski*, 218 Ill. App. 3d 101, 106, 578 N.E.2d 149, 153 (1991)). "[I]t is the actual ramifications of a trial court's order, rather than its language alone, that determines whether the order is appealable." *Vari*, 2016 IL App (3d) 140278, ¶ 20. Further, under Illinois Supreme Court Rule 273 (eff. Jan. 1, 1967), unless the order of dismissal or a statute specifies otherwise, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits. See *St. Joseph Data Service*, 973 Ill. App. 3d at 938-39, 393 N.E.2d at 615. Thus, this court has stated, " 'A general dismissal with no right given to plead over *** is a final, appealable order.' " *St. Joseph Data Service*, 973 Ill. App. 3d at 938, 393 N.E.2d at 614 (quoting *Bates v. Ulrich*, 38 Ill. App. 3d 203, 204, 347 N.E.2d 286, 288 (1976)). " 'Substance, not form, determines whether the order is final.' " *St. Joseph Data Service*, 73 Ill. App. 3d at 938, 393 N.E.2d at 614 (quoting *Bates* 38 Ill. App. 3d at 204, 347 N.E.2d at 288).

¶ 26        Here, the substance of the trial court's dismissal was a dismissal with prejudice. In its first dismissal, the court made no findings regarding the overall merits of the petition and specifically stated Cameron would be amending his petition. In contrast, in dismissing the second petition, the court specifically found there was no substantial change in circumstances. Then, instead of mentioning the ability to amend the petition, the court invoked Rule 304(a). While incorporating language from Rule 304(a) cannot transform a nonfinal order into a final one, it does indicate the court's intent to dismiss the petition with prejudice. Finally, applying

Rule 273, the court's order did not specify otherwise. Thus, the order operated as an adjudication on the merits. As such, it was a dismissal with prejudice and was a final, appealable order. Accordingly, we have jurisdiction over the appeal.

¶ 27                              B. Lack of a Report of Proceedings or Substitute

¶ 28         Before addressing the issues raised by the parties, we note Cameron has not provided a report of proceedings or a substitute of the trial court hearings.

> "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984).

"Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392, 459 N.E.2d at 959. However, notwithstanding *Foutch*, a record of the proceedings in the lower court is generally unnecessary when an appeal raises solely a question of law, which we review *de novo*. See *Gonnella Baking Co. v. Clara's Pasta di Casa, Ltd.*, 337 Ill. App. 3d 385, 388, 786 N.E.2d 1058, 1061 (2003). Here, the ability to decide the appeal is apparent on the record. Therefore, we address the issues raised by the parties. See *Gonnella Baking Co.*, 337 Ill. App. 3d at 388, 786 N.E.2d at 1061.

¶ 29         C. Substantial Change in Circumstances Under Section 610/5(c) of the Act

¶ 30         Cameron first contends the trial court erred in granting Taylor's motion to dismiss under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). A section 2-615 motion to dismiss presents the question of whether the complaint's allegations, taken as true and viewed in a light most favorable to the nonmovant, are sufficient to state a cause of

action on which relief may be granted. *In re Marriage of Lewin*, 2018 IL App (3d) 170175, ¶ 9, 107 N.E.3d 338. Although we accept all well-pled facts when reviewing a section 2-615 motion to dismiss, a complaint will not survive this analysis if it consists only of conclusory or speculative allegations. *Time Savers, Inc. v. LaSalle Bank, N.A.*, 371 Ill. App. 3d 759, 767, 863 N.E.2d 1156, 1164 (2007).

¶ 31 Section 610.5 of the Act (750 ILCS 5/610.5 (West 2022)) addresses the modification of the allocation of parental responsibilities. Specifically, section 610.5(c) provides:

> "Except [in certain circumstances not relevant here], the court shall modify a parenting plan or allocation judgment when necessary to serve the child's best interests if the court finds, by a preponderance of the evidence, that on the basis of facts that have arisen since the entry of the existing parenting plan or allocation judgment or were not anticipated therein, a substantial change has occurred in the circumstances of the child or of either parent and that a modification is necessary to serve the child's best interests." 750 ILCS 5/610.5(c) (West 2022).

¶ 32 Accordingly, the trial court may modify parenting time or the allocation of parental responsibilities if a substantial change has occurred in the circumstances of the child or either parent since the existing allocation judgment was entered and such a modification is necessary to serve the child's best interest. *In re Marriage of Virgin*, 2021 IL App (3d) 190650, ¶ 43, 188 N.E.3d 1218.

¶ 33 Further, section 610.5(c) contemplates a substantial change in circumstances based on facts not existing or not anticipated in the entry of the existing parenting plan. 750 ILCS 5/610.5(c) (West 2022); see *In re Marriage of Trapkus*, 2022 IL App (3d) 190631, ¶ 34,

207 N.E.3d 1043. The Act reflects a policy favoring the finality of child custody judgments, and it creates a presumption in favor of the status quo to promote stability and continuity in the child's custodial and environmental relationships. *In re Marriage of Fuesting*, 228 Ill. App. 3d 339, 344, 591 N.E.2d 960, 963 (1992). While we are not aware of a published Illinois case specifically addressing informal changes in parenting time as a substantial change in circumstances, the aging of children and changes in their expressed wishes has been held to generally not constitute a substantial change in circumstances. *Trapkus*, 2022 IL App (3d) 190631, ¶¶ 32-33.

¶ 34      Here, Cameron failed to allege facts sufficient to show a substantial change in circumstances. Cameron's petition alleged the parties agreed to engage in equal parenting time on a week-to-week basis, which allowed E.S. and Cameron's son to be together with Cameron every other week. But the ability for the parties to agree to an alternative parenting plan in light of Cameron's parenting schedule with his son was a factual matter already in existence at the time of the creation of the parenting plan and was anticipated by the plan. The parenting plan explicitly recognized Cameron's parenting schedule with his son and contemplated flexibility. Indeed, it specifically stated the parties would cooperate to maximize Cameron's time with E.S., by agreement, during the alternating weeks Cameron had care of his son. The plan also stated the parties could mutually agree to additional time with E.S. without further order of the court. The parties' informal agreement to increase parenting time reflected matters within the contemplation of the parties when the parenting plan was first entered. Therefore, Cameron did not allege anything new constituting a substantial change in circumstances.

¶ 35      In addition, we note Cameon did not make specific allegations concerning the best interest of E.S. Instead, he included only the statement, "The minor child deserves

consistency and is accustomed to increased time with Cameron and her brother." Without supporting factual details, such as details about the relationship between the children and how that relationship benefitted E.S. more than the current parenting plan, that statement was conclusory. In sum, Cameron failed to state a claim upon which relief may be granted, and the trial court properly dismissed the petition.

¶ 36　　　　　　　　　D. Consideration of Section 610.5(e)(1) of the Act

¶ 37　　　　　Cameron next argues the trial court erred by not considering whether the agreement should be modified to conform to the actual parenting-time arrangement the parties were following by applying section 610.5(e)(1) of the Act (750 ILCS 5/610.5(e)(1) (West 2022)). Section 610.5(e)(1) provides:

> "The court may modify a parenting plan or allocation judgment without a showing of changed circumstances if (i) the modification is in the child's best interests; and (ii) any of the following are proven as to the modification:
>
> (1) the modification reflects the actual arrangement under which the child has been receiving care, without parental objection, for the 6 months preceding the filing of the petition for modification, provided that the arrangement is not the result of a parent's acquiescence resulting from circumstances that negated the parent's ability to give meaningful consent." 750 ILCS 5/610.5(e)(1) (West 2022).

¶ 38　　　　　Here, Cameron sought to modify the plan to allow parenting time on an equal week-to-week basis. On appeal, he argues this court may consider any six-month period when considering the matter. Thus, he contends the plan should be modified to reflect the

week-to-week parenting time he exercised between August 2021 and September 2022. We disagree.

¶ 39    When applying a statute, we " 'enforce clear and unambiguous statutory language as it is written, and we will not read into it exceptions, conditions, or limitations not expressed by the legislature.' " *In re Marriage of O'Hare*, 2017 IL App (4th) 170091, ¶ 26, 79 N.E.3d 712 (quoting *In re. N.C.*, 2014 IL 116532, ¶ 50, 12 N.E.3d 23). Thus, for Cameron's petition to state a claim under section 610.5(e)(1), he was required to allege the desired modification reflected the actual arrangement under which E.S. had been receiving care, without parental objection, for the six months preceding the filing of the petition. He did not do so. Instead, Cameron alleged he had week-to-week parenting time from August 2021 to September 2022 and that, from September 22, 2022, to the date of the petition, he exercised parenting time on alternating weekends and every Wednesday. His allegations also explicitly stated Taylor had objected to week-to-week parenting time beginning in September 2022. Thus, on its face, the petition lacked sufficient allegations to support a claim under section 610.5(e)(1) because during the six months preceding the filing of the petition, the actual arrangement under which the child had been receiving care, without parental objection, differed from the modification Cameron sought. Further, as previously stated, Cameon included only a conclusory allegation as to the best interest of E.S. Accordingly, the trial court did not err in failing to consider section 610.5(e)(1) and properly dismissed the petition.

¶ 40    As a final matter, we observe Cameron's counsel in her brief has inappropriately cited three cases violative of Illinois Supreme Court Rule 23(e)(1) (effective Feb. 1, 2023), and we caution counsel against doing so in the future.

¶ 41                                    III. CONCLUSION

¶ 42        For the reasons stated, we affirm the trial court's judgment.

¶ 43        Affirmed.